EDITH HELEN ENTHOVEN, Appellant, *v.* EDWARD J. ENTHOVEN, Respondent.

First Department, February 8, 1929.

*Donald Marks* of counsel [*Seligsberg & Lewis*, attorneys], for the
appellant.

*Edwin W. Willcox*, for the respondent.

FINCH, J.   The action is brought to recover a sum claimed to be
due under a separation agreement between the parties, who are
husband and wife.   Said agreement provides for payments of
one hundred and forty dollars a month from defendant husband to
plaintiff wife, and, in addition, the sum of fifteen dollars a week dur-
ing the lifetime of the plaintiff's mother.   The complaint alleges the
failure of defendant to make the extra payments to the mother-in-law
of fifteen dollars a week since January 1, 1924, and demands payment
of the same.   The separation agreement was in writing, under seal.

By supplemental answer the defendant admits entering into the
separation agreement, and sets up, by way of defense and counter-
claim, that after the commencement of this action, and in con-
summation of negotiations for its settlement, the parties orally
made a new agreement modifying certain provisions of the original
separation agreement and discontinuing this action.   By this latter
agreement it was further provided that in order to insure certain
payments thereunder to be made after the death of the defendant,
he would at or before the execution of the agreement procure to be
issued two policies of deferred annuity insurance for the benefit of
the plaintiff and her mother.   By said defense the defendant further
alleged that the attorneys of the respective parties were instructed
to draw up an agreement in writing embodying the terms of the
aforesaid oral agreement; that this was done and the writing signed
and acknowledged by the plaintiff and her mother and the defendant
notified accordingly, and a copy of the agreement left with him to
be signed by him and exchanged for the copy signed by the plaintiff
and her mother.   The defendant further alleges that, acting pursu-
ant to said agreement, he made application for policies of insurance,
which applications were duly accepted, and that he received one of
the policies and paid the premium thereon amounting to $751.70,
and that the second policy was issued with a premium of $125.83.
The defendant notified the plaintiff of these facts and requested an
exchange of copies of the agreement signed by the respective parties.
The plaintiff, however, changed her mind and refused to deliver a

copy of the agreement signed by her. By reason of the aforesaid the defendant claims to have been damaged in the amount of the premium, $751.70, paid by him, and also in the sum of $250 expended for his attorney's services in connection with the modification agreement, for which he demands judgment, in addition to the dismissal of the complaint.

In so far as the aforesaid agreement is relied upon as a defense to the action, it is insufficient because of the well-established rule of the courts of this State that an instrument under seal can be modified only by another sealed instrument. The reasons for this rule and the surroundings out of which it arose, while interesting, are not here material. As was said by HAIGHT, J., in *Mc Kenzie* v. *Harrison* (120 N. Y. 260, 263): " We shall not question the rule that a contract or covenant under seal cannot be modified by a parol unexecuted contract." And in *Cammack* v. *Slattery & Bro.* (241 N. Y. 39, 45) HISCOCK, Ch. J., said: " The original contract recited that it was under seal  *  *  *. This being so, it is the rule in such a case as this that it was necessary that a contract designed to modify the first one, so far as unexecuted, should itself be under seal  *  *  *. While much has been said about the anachronistic absurdity of giving to seals at the present day the solemnity and force which they once justly possessed and while courts have undoubtedly been quite ready to escape from an alleged invalidity of a contract predicated upon failure to use a seal, nevertheless this court has been unwilling to make a decision generally annulling and destroying well settled rules pertaining to the use of seals. Such a decision without reservations, which we would be unable to make, would result in affecting contracts in a manner which would be chaotic and unjust. If the use of seals as now required is to be generally discontinued this result should be accomplished by the Legislature, which could make proper reservations preserving the integrity and force of contracts already executed and the task should not be attempted by us."

The alleged oral contract, therefore, is insufficient as a defense and the motion to strike out should have been granted.

Considered as a counterclaim, however, a different question is presented. We have the defendant's allegation that the parties entered into an oral contract and that the defendant duly performed acts which, under this oral contract, he was required to perform at or before the reduction of said oral contract to writing. We thus have a situation where it can be said that the counterclaim alleges that the contract has been partly executed by the defendant. To the extent of that execution prior to repudiation of the oral contract by the plaintiff, defendant may be made whole. In the application

of the principle that a contract under seal can be modified only by " an instrument of equal dignity," as the old phrase ran, the courts, in order to prevent its use as a means of fraud or unjust enrichment, have found it necessary to graft upon it a modification that in so far as the parties have executed the oral contract, they are bound by such acts, notwithstanding the fact that the oral contract may not be enforcible to the extent that it remains executory. As was said by HAIGHT, J., in *McKenzie* v. *Harrison* (120 N. Y. 260, 263), writing in reference to the effect of an oral agreement of modification of a contract under seal:

" We shall not question the rule that a contract or covenant under seal cannot be modified by a parol unexecuted contract. * * * Neither shall we question the views of the court below to the effect that the alleged oral agreement in this case to reduce the rent $1,000 per year was void and inoperative in so far as it remained unexecuted. The lessors had the right to repudiate it at any time and demand the full amount of rent provided for by the lease; but in so far as the oral agreement had become executed, as to the payments which had fallen due and had been paid and accepted in full as per the oral agreement, we think the rule invoked has no application.

" The reason of the rule was founded upon public policy. It was not regarded as safe or prudent to permit the contract of parties which had been carefully reduced to writing and executed under seal to be modified or changed by the testimony of witnesses as to the parol statements or agreements of parties. Hence the rule that testimony of parol agreements shall not be competent as evidence to impeach, vary or modify written agreements or covenants under seal. But the parties may waive this rule and carry out and perform the agreements under seal as changed or modified by the parol agreement, thus executing both agreements, and where this has been done and the parties have settled with a full knowledge of the facts and in the absence of fraud, there is no power to revoke or remedy reserved to either party."

It follows that the order appealed from should be modified to the extent of striking from the answer the allegations in so far as set up by way of a defense, and as so modified affirmed, without costs to either party as against the other.

DOWLING, P. J., MERRELL, MCAVOY and PROSKAUER, JJ., concur.

Order modified by providing that the motion is granted to the extent of striking out the allegations of the answer in so far as they are set up by way of a defense, and as so modified affirmed, without costs to either party as against the other.