ARTHUR BRAWER et al., Copartners, under the Firm Name of FAYETTE SILK MILLS, Respondents, v. MENDELSON BROS. FACTORS, INC., Appellant.

(Argued April 21, 1933; decided May 23, 1933.)

*Sidney S. Bobbé* and *Alexander Slater* for appellant.

*James Madison Blackwell* and *Irving Brawer* for respondents.

POUND, Ch. J.  Plaintiffs are manufacturers and defendant is a factor or commission merchant.  Under a written contract dated July 15, 1931, defendant agreed to make sales for plaintiffs through a sales agent.  The defendant assumed the credit risk for the merchandise sold, provided that it had approved the credit risk in writing.  In the

event of dispute between the customer, the sales agent and plaintiffs, the factor had the privilege of *charging back the account.* This means that defendant left it to the parties to settle the dispute without assuming the credit risk.

The contract was terminated in January, 1932. Defendant sent plaintiffs a statement showing $3,177.64 due. It sent with the statement a check for the amount in full settlement. Plaintiffs would not take the check on those terms.

There was a sale to one Tananbaum. The selling agent had invoiced a bill of goods of $4,832.89, payable December 3, 1931. Tananbaum had complained about the quality of the goods. Defendant charged back the amount of this sale as it had a conceded right to do and notified plaintiffs. The dispute with Tananbaum was settled by crediting him with $758.10. Defendant took the position that because this was a disputed claim, it was not responsible for the balance remaining unpaid. By letter dated November 12, 1931, however, it stated: " that though in view of the dispute as to this item our responsibility under our factoring agreement ceased, and though this amount has been charged back to you on our October 31st statement, we, nevertheless, are satisfied to continue our credit checking on this particular item of $4,832.89 up to and including Dec. 3rd, 1931, after which time any responsibility we may have as to this item is to cease and is to be of no force and effect. It is understood that our handling this item in this way is not to be deemed precedent for any other transaction that may arise between us under our factoring agreement with you. To reinstate our responsibility for this item as indicated above, we will ask you to acknowledge by your written acceptance."

This letter has been construed by the Appellate Division as a binding agreement to carry the item as if it had never been charged back and as a guaranty to the plaintiffs that defendant would pay the balance of Tananbaum's bill as if the bill had never been disputed.

It is solely on this letter that plaintiffs assert their right to recover the amount of the disputed item. After Tananbaum's financial condition became known defendant disclaimed responsibility. Summary judgment has been granted by the Appellate Division for the full amount claimed, although the Special Term granted relief only as to the undisputed balance, less a counterclaim which the Appellate Division properly disallowed. The Special Term had held that as to the Tananbaum item a triable issue was raised.

It seems difficult to say as matter of law that the words " continue our credit checking " means to credit plaintiffs with " this particular item of $4,832.89 " which had been charged back to them. The letter may be a waiver of any defense defendant may have thereto, because of the dispute over the $758.10 item, up to December 3, 1931. It may be a new contract or promise for which no consideration is shown. The language is not so clear as to justify us in saying that its meaning may be determined by affidavits.

This action is against a surety and summary judgment should not be granted on affidavits where it fairly appears that there is an issue to be tried. Here we have a technical term — " credit checking "— to be defined by witnesses, and other questions of fact which should be resolved after a trial. Summary judgment as granted by the Appellate Division was, therefore, improper.

The judgment of the Appellate Division should be modified and the motion for summary judgment as granted by the Appellate Division denied, and judgment of the Special Term granting partial judgment, as modified by the Appellate Division by disallowing the counterclaim, affirmed, with costs in this court and in the Appellate Division. (See 262 N. Y. 562.)

CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgment accordingly.