Hillsborough, ⎰
Feb. 5, 1935. ⎱

JOSEPH LAROSE *v*. PHILIP PORTER.

*Wason & Guertin (Mr. Guertin* orally), for the plaintiff.

*Lucier & Dowd (Mr. Dowd* orally), for the defendant.

WOODBURY, J. The defendant contends that the action is improperly brought because the cause of action, if any exists, belongs not to the plaintiff, but to his wife, in whose name title to the property was taken. This contention is without merit. All negotiations and agreements were made by the parties to this action, and the only reasonable inference to be drawn from all the evidence is that their wives were merely nominal parties to the mortgage. At least, the situation was so treated by the trial court without objection. He charged the jury that, "The failure of the plaintiff to pay in accordance with the mortgage would prevent his recovery." The necessary implication from this is that the parties to this action were the real parties to the mortgage. No objection or exception was taken to the charge and so the foregoing became the law of the trial to which it is now too late to object.

The defendant's next contention is that the plaintiff's testimony relating to the oral agreement to permit the plaintiff to use his money for repairs to the property, rather than for the purpose of making the monthly payments called for by the mortgage, is legally incompetent to excuse him from making the payments according to the terms of the mortgage; and, consequently, the plaintiff having first broken the contract, may not complain if the defendant refuses to continue to perform his obligations thereunder. This contention is based upon the proposition that, since the obligation to make the monthly payments is contained in an instrument under seal, it can be altered only by an instrument of equal dignity.

The rule contended for by the defendant was doubtless the rule of the early common law, but, without doubt, this rule would not now be applied by any court, in England or this country, with the logical consistency of earlier times. See 9 Harv. Law Rev. 49-55;

Wigmore, Evidence, s. 2426. In this country the rule has been relaxed in different ways and to different degrees. In New York the old rule was applied as recently as 1929 in *Enthoven* v. *Enthoven*, 225 App. Div. 309. On the other hand, in 1879, the United States supreme court definitely abandoned the old rule. *Chesapeake &c. Co.* v. *Ray*, 101 U. S. 522. Between these two extremes cases can be found which establish various rules and create various exceptions to the old rule of inviolability. See 55 A. L. R. 685; Williston, Contracts, s. 631.

The last fully considered New Hampshire case on this subject which has come to our attention is *McMurphy* v. *Garland*, 47 N. H. 316, 321, 322. In this case the old rule was adhered to but various exceptions thereto were noted. One of these exceptions is that the time of performance of an obligation contained in a sealed instrument may be extended by an executed parol agreement. This exception appears to be well recognized in other jurisdictions as well. Williston, Contracts, s. 689; 6 R. C. L. 914, 915, 917. See also *Ewins* v. *Gordon*, 49 N. H. 444, 462. The basis for this exception is estoppel and accord and satisfaction. It is not the subsequent oral agreement but the acts done under that agreement, in this case the plaintiff's use of his money to increase the value of the mortgaged property rather than its use to reduce the debt, which postpone the time of performance. . In this respect the situation is analogous to that presented in *Warren* v. *Dodge*, 83 N. H. 47, in which an oral extension of the time of performance of a contract required by the statute of frauds to be in writing was held valid after it had been acted upon.

The oral agreement testified to by the plaintiff falls squarely within the above exception to the general rule, and this testimony, if believed, would provide the plaintiff with a valid excuse for not making the payments called for by the mortgage. Under these circumstances the plaintiff was not in default under the mortgage, and so gave the defendant no legal excuse for not continuing to perform the contract upon which suit is brought.

The fact that the mortgage was assigned and foreclosed by the assignee presents an issue of fact, which was properly submitted to the jury, as to whether or not the assignment was fictitious. If the assignment was real, the defendant could be found to have broken his agreement in disenabling himself from controling its foreclosure. If it was fictitious the defendant derives no protection from the colorable transaction. If the defendant, in violation of his agreement, foreclosed the mortgage or voluntarily disabled himself from controling its foreclosure, thus preventing the plaintiff from going into

business, he is liable, otherwise he is not liable. The assignee's freedom from liability follows from the fact that no suit was brought against him, nor was any attempt made to set the foreclosure aside.

The further contention is advanced that the contract is too vague and indefinite to be enforceable. This argument appears to be based upon the lack of evidence as to what the relations of the parties were to have been after the plaintiff should have begun to operate as a member of the Clover Farm Stores, that is, after he should have become one of the defendant's regular customers.

The plaintiff's evidence, there being none of special terms in their contract, is sufficient to indicate that he was entitled to be treated according to the practice and usage between the defendant and his other customers. The fact that this practice and usage were not shown in detail is not fatal. This related to a part of the contract not litigated, and the omission of evidence on this point shows no insufficiency of contractual relations. The plaintiff has made out a *prima facie* case. If the practice and usage were too vague and indefinite to make the arrangement a contract, it was for the defendant to show it.

Another ground advanced by the defendant in support of his motions is that, since it appears that the plaintiff was not financially able to comply with his obligations, the defendant is excused from compliance on his part.

At the time the defendant failed to comply with the contract, he either broke it or exercised his right of rescission. There was a right of rescission if the plaintiff had already refused to perform (*Bates Street Shirt Co.* v. *Place*, 76 N. H. 448, 452, 453), or if his financial involvements were such as to show his inability to perform later. "A distinction between unexcused inability and wilful intention not to perform is not of practical value." Williston, Contracts, *s.* 1326.

The evidence indicates that at the time of foreclosure the plaintiff's property was under attachment, that he had been disappointed in an attempt to mortgage his property to one bank, and that he did not comply with the mortgagee's demand for payment. Further evidence of his financial condition and prospects, when offered by the defendant, was excluded without exception. The above evidence is not sufficient, as a matter of law, to compel the conclusion that he could not have performed if the defendant had not caused the foreclosure of the mortgage. In fact, the inference is warranted that the foreclosure helped to reduce the plaintiff to financial impotence.

It was an issue of fact whether the defendant broke the contract or rescinded it, and under these circumstances there was no right to a directed verdict on the ground of breach, anticipatory or otherwise, on the part of the plaintiff.

It cannot be successfully contended that the plaintiff failed to complete the repairs within a reasonable time and so was himself in default on the contract. What was a reasonable time for completion of the repairs is a question of fact which was properly presented to, and passed upon by, the jury.

The motion to set the verdict aside, in so far as questions thereby raised have not already been passed upon, presents no question of law but only questions of fact which, the record indicates, were properly passed upon by the court.

*Judgment on the verdict.*

All concurred.