JOHN T. ADAMS, Appellant, *v.* ARTHUR JUDSON, Respondent.

First Department, February 15, 1935.

*B. F. Norris* of counsel [*John S. V. Kilmartin* with him on the brief; *Bouvier & Beale*, attorneys], for the appellant.

*Sydney M. Kaye* of counsel [*Morton Pepper* with him on the brief; *Rosenberg, Goldmark & Colin*, attorneys], for the respondent.

UNTERMYER, J.   The plaintiff maintains this action to recover a sum of money alleged to have been received by the defendant upon the sale of certain stock belonging to the plaintiff.   The complaint sets forth that under an agreement made in September, 1930, the defendant transferred to the plaintiff 200 shares of common stock of a corporation known as Concert Management Arthur Judson and 100 shares of common stock of Judson Radio Program Corporation in consideration of services rendered and subsequently to be rendered by the plaintiff.   Thereafter, it is alleged, the plaintiff, at the defendant's request, transferred these securities to a corporation known as Columbia Concerts Corporation, apparently for the purpose of sale.   It is charged that the proceeds, amounting to $5,965.50, were received by the defendant, but that he paid over to the plaintiff only $900.   Judgment is demanded for the balance of $5,065.50. The answer denies the existence of any agreement to pay the proceeds of the securities to the plaintiff, and also contains pleas of payment, accord and satisfaction and release.   Upon the defendant's motion, summary judgment in his favor was granted upon the ground that the cause of action set forth in the complaint had been released.

The record does not contain in full the agreement executed on October 19, 1931, which includes the provisions on which the defendant relies as a release.   That agreement was between the plaintiff and Columbia Concerts Corporation.   The paragraph containing the alleged release is paragraph " seventh " which provides:

" *Seventh.*   Adams agrees that on November 1, 1931, he will, and as of November 1, 1931, he hereby does release, remise and discharge Columbia, its successors, affiliates, assigns, subsidiaries, officers and/or directors of and from any and all claims of whatever kind and nature arising under the aforesaid Agreement dated December 20, 1930, and/or out of any matter or thing except this Agreement and except on and under certain Income Notes of Columbia, dated December 20, 1930, and held by Adams.   Columbia agrees that on November 1, 1931, it will, and as of November 1, 1931, it hereby does release, remise and discharge Adams of and from any and all further obligations under the said Agreement

dated December 20, 1930 and/or from any other matter or thing except this Agreement. It is specifically understood that the said Agreement dated December 20, 1930, is hereby declared to be terminated as of October 31, 1931, and after that date to be null, void and of no further force and effect."

The defendant was not a party to the agreement of October 19, 1931, containing the alleged release, nor did he furnish any consideration for it. He signed merely as an officer of Columbia Concerts Corporation of which he was president and general manager. The contract of December 20, 1930, which is referred to in the agreement of October 19, 1931, was a contract under which Columbia Concerts Corporation had employed the plaintiff as vice-president and manager at a salary of $26,000 per year. By the agreement of October 19, 1931, that employment contract was canceled for a consideration stated therein and Columbia Concerts Corporation, together with its officers and directors, was released. The defendant contends that although he furnished no consideration for the contract and was not a party to it, these provisions were for his individual benefit and were intended to include any claim which the plaintiff might assert against him, whether individually or as an officer of Columbia Concerts Corporation. The plaintiff maintains that they do not release the defendant from any liability except such as was incurred in connection with the business of Columbia Concerts Corporation as one of its officers and directors.

We think the alleged release is not sufficiently free from ambiguity to justify summary judgment dismissing the complaint. It is by no means clear that the defendant was released from individual liability as distinguished from liability incurred as an officer or director of Columbia Concerts Corporation. Recourse may be had, therefore, to parol evidence to explain its effect. Such evidence " is admissible to apply a writing to its subject." (*Mullen* v. *Washburn*, 224 N. Y. 413, 420.) And in *Piedmont Hotel Co.* v. *Nettleton Co.* (263 N. Y. 25, 30) it was recognized that sometimes " evidence is necessary to establish in what sense " a release shall operate. If such evidence is necessary on account of ambiguity, then the effect of the release cannot be determined upon affidavits which disclose a controverted state of facts. (*Brawer* v. *Mendelson Bros. Factors, Inc.*, 262 N. Y. 53, 56.)

There are circumstances here which, if established, would tend to sustain the plaintiff's contention that the release was not intended to include the present claim. The defendant's amended bill of particulars contains in detail a statement of the payments alleged to have been made by the defendant in discharge of the plaintiff's claim. This statement indicates that four of these payments were

made subsequent to October 19, 1931, and would, therefore, tend to show that the parties did not regard the release as applicable to the claim which is asserted here. (Compare *Weitling* v. *Sorenson*, 241 App. Div. 377.) However, in a replying affidavit submitted for the defendant, it is stated that these payments were not made on account of the plaintiff's claim in this action, but were liquidating dividends on the plaintiff's stock. Yet these are the payments which, in his answer, the defendant alleges were made " by reason of any of the matters alleged in the complaint." It is evident that this again presents an issue of fact which cannot be decided on conflicting affidavits.

The judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs.

MARTIN, P. J., McAVOY and TOWNLEY, JJ., concur; MERRELL, J., dissents and votes for affirmance.

MERRELL, J. (dissenting). Plaintiff brought this action to recover the sum of $5,065.50, which plaintiff alleges was received by defendant as the proceeds of the sale of certain stock owned by plaintiff. The defendant answered in the action, generally denying any promise on defendant's part to pay the sum aforesaid, a plea of payment, of accord and satisfaction, and a plea of general release of the defendant by plaintiff.

Plaintiff was a vice-president and manager of Columbia Concerts Corporation, a domestic corporation, at a salary of $26,000 a year. The defendant was president and general manager of said corporation. Plaintiff and Columbia Concerts Corporation entered into a written agreement, under seal, bearing date October 19, 1931, by the terms of which plaintiff received $35,000 and certain other and additional considerations, in return for which plaintiff executed a general release, forming paragraph seventh of the agreement, and which release reads as follows:

" *Seventh.* Adams agrees that on November 1, 1931, he will, and as of November 1, 1931, he hereby does release, remise and discharge Columbia, its successors, affiliates, assigns, subsidiaries, officers and/or directors of and from any and all claims of whatsoever kind and nature arising under the aforesaid Agreement dated December 20, 1930, and/or out of any matter or thing except this Agreement and except on and under certain Income Notes of Columbia dated December 20, 1930, and held by Adams. Columbia agrees that on November 1, 1931, it will, and as of November 1, 1931, it hereby does release, remise and discharge Adams of and from any and all further obligations under the said Agreement

dated December 20, 1930, and/or from any other matter or thing except this Agreement. It is specifically understood that the said Agreement dated December 20, 1930, is hereby declared to be terminated as of October 31, 1931, and after that date to be null, void and of no further force and effect."

The " Columbia " referred to in paragraph seventh of the agreement is Columbia Concerts Corporation. At the time of the execution of the agreement and at all times during the corporate existence of Columbia Concerts Corporation, defendant was president and a director of said corporation. This fact was known to plaintiff at the time he executed the agreement containing the release in its seventh paragraph. The alleged agreement whereby the defendant assigned and transferred to plaintiff certain stock and whereby plaintiff, at the defendant's instance, agreed to transfer and assign said stock to Columbia Concerts Corporation, and the alleged assignment and transfer of said stock, all took place prior to the execution of the release aforesaid by plaintiff. Subsequent to the execution of said release Concert Management Arthur Judson, Inc., a subsidiary corporation of Columbia Concerts Corporation, paid to plaintiff the sum of $1,100. The defendant made one payment to plaintiff, but such payment was made prior to the date of such release. The defendant made no payments to the plaintiff after the execution of said release. All payments subsequent thereto were payments by the check of Concert Management Arthur Judson, Inc.

In contradiction of the effect of such general release, plaintiff contends that there was no intention to release the claim of the plaintiff embraced in the present action, and that the payments made to plaintiff after the execution of the release operated to nullify the effect of such release. Plaintiff also contends that the record is incomplete because the release pleaded forms a part of an agreement which is not in its entirety before the court. The release in question is a general release in form, and was executed subsequently to the agreements, transfers, assignments and sales alleged in the plaintiff's complaint. By the terms of such release, all the officers and directors of Columbia Concerts Corporation were released. The defendant was at the time of the execution of such release and at all times during the corporate existence of Columbia Concerts Corporation a director and the president of said corporation.

In granting the defendant's motion to dismiss the complaint and for summary judgment in favor of defendant, it was held that the claim in suit was released under the terms of the agreement of October 19, 1931. I think the court was entirely correct in so holding, and that the plaintiff is bound by the explicit language con-

tained in the release, and may not now offer parol testimony to show that the claim involved in this action was not intended to be included therein. It goes without saying that the very purpose of a general release is to discharge any and all claims of any nature whatsoever between the parties. It seems to me absurd to claim that a general release is to be effective only as to such claims as the parties actually had in mind at the time the release was signed. A general release is effective in finally disposing of *all disputes, controversies and litigations between the parties*. There is no contention that this release was obtained by fraud, or that the plaintiff informed the defendant that he intended to exclude his present claim from the operation of such release. There is no ambiguity whatever in the terms of said release. Parol testimony is inadmissible to contradict the generality of a release. (*Kirchner v. New Home Sewing Machine Co.*, 135 N. Y. 182; *Barnes v. American China Development Co.*, 131 App. Div. 40.) The Court of Appeals said in *Kirchner v. New Home Sewing Machine Co. (supra)*: "*Nor was the effect of the release necessarily limited to the subjects considered in the preliminary discussion that led up to it. If the parties intentionally embraced in the instrument demands not previously suggested or all subsisting causes of action when only certain of them had been discussed, it would be operative according to its terms and unassailable.* Releases and other deeds and written contracts do not differ in this respect. All preliminary negotiations are presumed to be merged in them, and from the time of their execution they must be deemed to be the only competent evidence of the agreement of the parties upon the subjects to which they relate unless avoided for fraud, mistake, duress or some like cause. \* \* \*

" The operation of such an instrument cannot be made to depend upon oral testimony as to the knowledge of the creditor when he executed it of the liability which he subsequently seeks to enforce. It might happen that he did not then know or recollect that his debtor owed him anything, and the writing under such a construction, would be wholly inoperative, although many causes of action may have at the time actually existed." (Italics are the writer's.)

To the same effect was the decision of this court in *Barnes v. American China Development Co. (supra)*. This court in that case (at p. 44) said: " Among the defenses set up in the answers was the general release, which was put in evidence. The plaintiff undertook to show that it was inoperative and ineffectual to discharge his claim for compensation for negotiating the coal contract, and he claimed that it was not the intent of the parties in executing it to extinguish his claim for compensation for that particular service. I think this is to be regarded as a release general in its terms with no limi-

tation by way of recital or otherwise, and that to avoid it it was necessary for the plaintiff to show mutual mistake, or mistake on the part of one and fraud on the other, or fraud or duress. Or, in other words, in seeking to avoid the defense of a general release under seal, it was necessary for the plaintiff to show such a state of facts as would have justified a court of equity in setting aside the instrument."

Plaintiff also contends that the general release was nullified by the payments made on the plaintiff's claim. However, with the exception of the first payment, which was made by the defendant prior to the execution of said general release, all of the other payments, aggregating the sum of $1,300, were payment by checks of the Concert Management Arthur Judson, Inc. Plaintiff, in his brief, claims that the defendant was the owner of the entire stock of the Concert Management Arthur Judson, Inc., and controlled Columbia Concerts Corporation. The record does not seem to support such assertion. In his brief the defendant contends that at no time involved in this action did he own a single share of the stock of Concert Management Arthur Judson, Inc., nor did he own a controlling interest or control directly or indirectly Columbia Concerts Corporation. The defendant contends that the payments referred to were not made on the claim in suit, but were liquidated dividends on certain stock owned by the plaintiff. Even though payments had been made by defendant herein, such payments would not destroy the effect of the general release. The agreement of October 19, 1931, containing said seventh clause of general release, was under seal and was not subject to modification by parol, even had the parties desired to so modify it. The law is well settled that a contract under seal cannot be modified by a contract not under seal. (*Cammack* v. *Slattery & Bro., Inc.*, 241 N. Y. 39; *Enthoven* v. *Enthoven*, 225 App. Div. 309.)*

The order and judgment appealed from should be affirmed, with costs to defendant, respondent, against plaintiff, appellant.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.

* See Civ. Prac. Act, § 342, as amd. by Laws of 1935, chap. 708.— [REP.