JOSEPH E. CORR, Respondent, v. FRANK BOGGIANO, Appellant.— Order and judgment of the County Court of Rockland county reversed on the law, with ten dollars costs and disbursements, and motion for summary judgment denied, with ten dollars costs. It appears that a motion for summary judgment had been denied and no appeal was taken therefrom. Thereafter the case was tried, and a judgment rendered for plaintiff in the sum of $200 on his claim of $1,000. The verdict was set aside as inadequate. Thereafter plaintiff renewed his motion for summary judgment, which was granted. Although the complaint and affidavits in support of the motion indicate that the action was brought to recover an agreed price as well as the reasonable value of professional services rendered, it appears that the case had been tried upon the theory of reasonable value. Plaintiff's position on the trial and the result thereof are sufficient to show that plaintiff is not entitled to a summary judgment for the full amount. At most he is entitled to the reasonable value of his services under an assessment of damages, as provided by rule 113 of the Rules of Civil Practice. Further, the court is of the opinion that inasmuch as the original motion for summary judgment was denied and the case was once tried, plaintiff. has waived his rights to a summary judgment, and there should be a retrial of the action. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

MADELINE DANIELS, Appellant, v. FRANK A. SWEENEY, Respondent. LENA SARRO, Appellant, v. FRANK A. SWEENEY, Respondent.— Actions to recover damages for personal injuries resulting from a collision between automobiles at the intersection of two highways. Judgments and orders dismissing complaints reversed on the law, motions in so far as they seek to set aside the verdicts granted, and in so far as they seek to dismiss the complaints denied, and a new trial granted, with costs to appellants to abide the event. There was a question of fact for the jury. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

MELVINA FLAGG, Respondent, v. DE LANS CORPORATION, Appellant.— The plaintiff fell through a wooden platform maintained and controlled by the defendant on its premises for the use of the tenants and was seriously injured. The platform was worn, rotted, insecure and defective, of which the defendant had notice. There was no dispute in the facts except as to the nature and extent of the injuries suffered by plaintiff. The verdict in her favor is not excessive. There were no material errors on the trial, except that the defendant was successful, by constantly repeated objections, in excluding competent evidence favorable to the plaintiff. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.