MALE CHOIR BAVARIA, INC., Respondent, v. THE CONCORDIA FIRE INSURANCE COMPANY OF MILWAUKEE, Appellant, and MAGNUS A. BENZING, Defendant.— Judgment and order affirmed, with costs. Memorandum: In an equity action to reform a fire insurance policy, specific questions of fact were submitted to a jury to determine whether the policy in suit was intended to cover all buildings owned by the plaintiff-assured on a certain site, including a building which was thereafter destroyed by fire; and whether the policy provisions, which excluded the building thereafter destroyed, were so written by either fraud, mistake, carelessness or negligence of the defendant-insurer or by mutual mistake of the parties. From our examination of the record we cannot say that the jury's affirmative answers to the specific questions propounded, which covered all issues of fact litigated, were not in accord with the weight of clear and convincing proof; nor do we find reversible error in evidential rulings by the trial justice which the appellant has challenged. All concur. (The judgment is for plaintiff in an action under a fire insurance policy. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

BUFFALO GENERAL HOSPITAL, Appellant, v. CONSTANTINE SUPPA, Respondent.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Memorandum: The plaintiff having set forth facts by affidavits which substantiate the allegations of its complaint and which, if proved, would entitle the plaintiff to judgment, and the defendant having failed to show by affidavit or otherwise that it has a meritorious defense, the motion of plaintiff for summary judgment should have been granted. (General Investment Co. v. Interborough R. T. Co., 235 N. Y. 133; O'Meara Co. v. National Park Bank, 239 id. 386, 395.) The two cases cited by the defendant (Standard Oil Co. of New York v. Boyle, 231 App. Div. 101, and Brawer v. Mendelson Bros. Factors, Inc., 262 N. Y. 53) do not support defendant's claim that the plaintiff may be refused summary judgment even if defendant has failed to present affidavits or other proof showing that he has a meritorious defense. In those two cases the defendants did read upon the motion affidavits verifying their defenses. The defendant also relies upon the dictum contained in Poland Export Corp. v. Marcus (204 App. Div. 302), to the effect that when a plaintiff is able to secure a speedy trial the court at Special Term may refuse to grant him summary judgment even though the defendant failed to show by affidavit or other proof that he has a meritorious defense, and that the order of denial will not be reversed upon appeal. However, that dictum has not been followed even by the court in which the case was decided. (Hongkong & Shanghai Banking Corp. v. Lazard-Godchaux Co., 207 App. Div. 174; affd., 239 N. Y. 610; Smith v. McCullaugh, 234 App. Div. 490; Tarrytown National Bank v. McMahon, 250 id. 739.) All concur. (The order denies plaintiff's motion for summary judgment in an action to recover the balance due on a bill for hospital services.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.