**SAUNDERS et al. v. HIGGINS,**
Collector of Internal Revenue.

District Court, S. D. New York.
July 19, 1939.

White & Case, Russell D. Morrill, and Josiah Willard, all of New York City, for plaintiffs.

Lamar Hardy and George B. Schoonmaker, both of New York City, for defendant.

BONDY, District Judge.

Plaintiffs move for summary judgment in their action against the Collector of Internal Revenue to recover estate taxes paid.

The amended complaint alleges that the decedent died in 1933 and that plaintiffs filed an estate tax return in 1934; that on or about October 29, 1935, the Commissioner of Internal Revenue determined a deficiency in estate tax and that plaintiffs paid a deficiency of $140,306.76. It is further alleged that the deficiency resulted from the determination of the Commissioner that to the extent of $1,145,831.92 in value, the corpus of a trust established by the decedent and his wife in 1923 should be included in decedent's estate, pursuant to section 302(e) of the Revenue Act of 1926, as amended by the Joint Resolution of March 3, 1931, and by section 803(a) of the Revenue Act of 1932, 26 U.S.C.A. § 411(c), which provides for the inclusion in a decedent's gross estate of property transferred by him, pursuant to which transfer he has retained for his life the possession or enjoyment of, or the right to the income from, such property; that this provision is inapplicable to this trust; that on or about April 27, 1937, plaintiffs filed a claim for refund which was rejected by the Commissioner by letter dated June 21, 1937; that plaintiffs overpaid the estate tax due on the estate of decedent in the amount of $140,306.76 and said overpayment was erroneously and illegally assessed and collected.

It appears from the claim for refund and the letter of the Commissioner rejecting the claim, copies of which are attached to the complaint, that, as alleged by the plaintiffs, the tax was assessed and the property included in the gross estate of decedent on the theory that the provisions of section 302(c), Revenue Act of 1926, as amended by section 803(a), Revenue Act of 1932, applied to this trust by reason of the reservation by the grantors of the income from the trust for the period of their lives.

The answer admits that the Commissioner determined the deficiency for the reason set forth in the complaint, and that that part of the amendment of section 302 (c), Revenue Act of 1926, which is quoted in the complaint does not apply to the 1923 trust. Defendant, however, denies the allegations that plaintiffs overpaid the estate tax and that the overpayment was erroneously and illegally assessed and collected.

The plaintiffs contend that no issue remains to be tried and that the defendant's formal denial of overpayment is without substance. The defendant, however, maintains that he will be entitled at the trial to show that avoidance of estate taxes was a substantial motive for the settlor's action in creating the trust, and points out that the applicable statutes provide for the inclusion in a decedent's gross estate of the value of any interest of which decedent made a transfer in contemplation of or intended to take effect in possession or enjoyment at or after his death.

Plaintiffs urge that the defendant is not entitled to raise the issue of contemplation of death by reason of his failure to plead such a defense affirmatively and because there has not been any determination by the Commissioner of Internal Revenue that the 1923 trust was made in contemplation of death.

The Commissioner included $1,145,831.92 of the corpus of the 1923 trust as part of the gross estate of decedent, and made a deficiency assessment accordingly. As a justification for this action, he assigned a reason which the defendant now concedes is untenable. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858. The defendant, however, is not limited in his defense to the reasons assigned by the Commissioner. Cf. Becker v. St. Louis Trust Co., 296 U.S. 48, 52, 53, 56 S.Ct. 78, 80 L.Ed. 35; Helvering v. Gowran, 302 U. S. 238, 245, 246, 58 S.Ct. 154, 82 L.Ed. 224. The burden rests upon the taxpayer to establish that the deficiency assessment levied by the Commissioner is invalid. See Reinecke v. Spalding, 280 U.S. 227, 232, 233, 50 S.Ct. 96, 74 L.Ed. 385; Helvering v. Taylor, 293 U.S. 507, 513, 515, 55 S.Ct. 287, 79 L.Ed. 623; 26 U.S.Code, Secs. 1672–1673, 26 U.S.C.A. §§ 1672–1673. While perhaps a prima facie case may be established by showing that the reasons assigned by the Commissioner to justify his ruling are untenable, the taxpayer, in order to sustain his burden of proof, must establish that any additional reasons which are asserted by the collector do not justify the Commissioner's assessment. The defendant herein restricts himself to the very assessment of the Commissioner of which plaintiffs complain and to the very property included in

the decedent's estate by the Commissioner. He is not seeking to introduce a different assessment in order to defeat plaintiffs' claim. He is merely adducing another reason to justify the original action of the Commissioner. The plaintiffs, accordingly, as an incident of their burden of proof, must establish that the 1923 trust was not created in contemplation of death and the defendant is not required to raise the issue by affirmative defense.

The cases relied upon by plaintiffs are readily distinguishable. For instance, in Routzahn v. Brown, 6 Cir., 95 F.2d 766, the collector first defended an action against him, on the theory that the Commissioner correctly included certain property as part of the decedent's gross estate. Upon a subsequent trial of the same action, he urged that property, not included in the assessment, should be deemed part of the gross estate. The rejection of his contention that he was not required to assert affirmatively other grounds of liability arising out of property not included within the original assessment is not inconsistent with the decision herein, in which the original assessment of the Commissioner is alone involved.

In this view of the case, the plaintiffs' contention that the defendant is not entitled to raise the issue of contemplation of death, because the Commissioner has not made any determination thereon, must also be rejected. Cf. Becker v. St. Louis Trust Co., 296 U.S. 48, 52, 53, 56 S.Ct. 78, 80 L. Ed. 35.

■ Assuming, then, that this issue is properly before the court and that plaintiffs bear the burden of proof thereon, it remains to be considered whether there is any genuine issue as to any material fact relative thereto and whether plaintiffs are entitled to a judgment as a matter of law. See Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ In determining whether a transfer was made "in contemplation of death" within the meaning of the estate tax laws, the test is always to be found in the motive of the decedent. If "the thought of death is the impelling cause of the transfer", then the statute applies; but if the transfer is motivated by purposes associated with life, then it can not be deemed made in contemplation of death. United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867; Becker v. St. Louis Trust Co., 296 U. S. 48, 56 S.Ct. 78, 80 L.Ed. 35; Colorado National Bank v. Commissioner, 305 U.S. 23, 59 S.Ct. 48, 83 L.Ed. 20; Farmers' Loan & Trust Co. v. Bowers, 2 Cir., 98 F. 2d 794, certiorari denied, 306 U.S. 648, 59 S.Ct. 589, 83 L.Ed. 1047.

The court's inquiry accordingly must be directed to facts bearing upon the decedent's motive when he created the 1923 trust. The defendant contends that avoidance of estate taxes was a substantial motive for the settlor's action and that the trust was a substitute for testamentary disposition. He emphasizes that Mr. Saunders was 74 years of age when he created the trust, that the trust included the greater part of his estate and contained elaborate provisions for the disposition of principal and income after the death of Mr. Saunders and his wife and that only three months prior to the creation of the trust, Mr. Saunders executed his will, a brief document, bequeathing and devising his entire estate to his wife. The plaintiffs, on the other hand, have submitted affidavits tending to show that in 1923 Mr. Saunders was a strong, vigorous man in good health, actively engaged in business as the president of a large company, and that in creating the trust he was actuated solely by the desire to relieve himself of the burden and responsibility of managing his property and to reduce his income taxes,—motives associated with life.

■ The affidavits submitted by the plaintiffs regarding the issue of comtemplation of death were executed in or before January, 1935, that is, long before the commencement of this action. They also contain statements, relied upon by the plaintiffs, which would not be admissible in evidence. See Rule 56(e), Federal Rules of Civil Procedure. Upon the entire record, the court can not say that a trial of this action "will be a useless form". See Curry v. Mackenzie, 239 N.Y. 267, 272, 146 N.E. 375; see also Barrett v. Jacobs, 255 N.Y. 520, 175 N.E. 275; Brawer v. Mendelson Bros. Factors, Inc., 262 N.Y. 53, 186 N.E. 200; Piedmont Hotel Co. v. Nettleton Co., 263 N.Y. 25, 188 N.E. 145.

The plaintiffs' motion for summary judgment accordingly is denied.