ELEANOR S. ECKER, Individually and as Executrix, etc., of SARAH
E. ECKER, Deceased, Respondent, *v.* ANTONI MUZYSH and
MARY MUZYSH, Appellants.

Fourth Department, March 21, 1940.

*George Kohn,* for the appellants.

*R. R. Calli,* for the respondent.

PER CURIAM. The plaintiff sues to recover installments due and
unpaid on a contract, under seal, dated April 14, 1921, for the sale
of real property. The answer, in substance, asserts that the plain-
tiff is not the real party in interest and that the cause of action is
barred by the six-year Statute of Limitations. The plaintiff
purchased the property described in the contract on October 10,
1930, and her deed provided that the conveyance was subject to
the contract. The contract was delivered to the plaintiff together
with the deed. The plaintiff promptly notified the defendants
that she had acquired the deed and the contract, and demanded
that the installments falling due under the contract should be paid
to her. The defendants thereafter paid certain installments to
the plaintiff and then defaulted. On August 16, 1938, plaintiff's
grantor executed a written assignment of the contract to the plain-

tiff. The case came for trial in March, 1939. A jury was waived. The plaintiff introduced her evidence and the defendants rested on the case made by the plaintiff. The case was submitted. Owing to the serious illness of the trial justice a decision was not rendered within sixty days after the final adjournment of the term at which the case was tried. With the approval of the trial justice the plaintiff moved for a new trial under section 442 of the Civil Practice Act. The plaintiff also moved for summary judgment under rule 113 of the Rules of Civil Practice. The motion was opposed mainly on the grounds that, by proceeding to trial, the plaintiff had waived her right to summary judgment and that the answer and the opposing affidavits raised triable issues. The amount due and unpaid under the contract is not in dispute. The Special Term granted both motions and the defendants have appealed.

The Special Term properly held that the answer and the opposing affidavits raised no triable issues. Rule 113 of the Rules of Civil Practice and the Civil Practice Act prescribe no limitation as to the time when a motion for summary judgment must be made. The object of rule 113 is to empower the court to summarily determine whether or not a *bona fide* issue exists between the parties, and there is no limitation on the power of the court to make such a determination at any stage of the litigation. (*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133, 142; *Buffalo General Hospital* v. *Suppa*, 257 App. Div. 1030.) The case of *Corr* v. *Boggiano* (244 App. Div. 724), relied upon by the defendants, is distinguishable on the facts.

The order and judgment should be affirmed, with costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order and judgment affirmed, with costs.