### KENT v. HANLIN.
#### Civ. A. No. 746.

District Court, E. D. Pennsylvania.

Dec. 3, 1940.

W. H. Rosenberry, Jr., of Norristown, Pa., for plaintiff.

John P. Connelly, of Philadelphia Pa., for defendant.

BARD, District Judge.

The complainant seeks a summary judgment in the sum of $900 with interest from the date the sum was allegedly due. This claim represents the amount of an assessment against the defendant as alleged owner of 90 shares of stock in the Chattanooga National Bank.

The essential averment in the complaint is that the defendant was owner of the 90 shares at the date of the assessment. The corresponding portion of the answer is to the effect that, to the best of her knowledge and belief, the defendant was never the owner of the 90 shares, but was owner of 450 shares of the stock of the First National Bank of Chattanooga. In the motion for summary judgment, the plaintiff with a supporting affidavit sets forth the manner in which owners of the latter stock became owners of the former. The plaintiff further declares in the motion that the defendant knew she was owner of the 90 shares. In support of this declaration, the plaintiff attached a copy of a proxy which the defendant is alleged to have executed for the 90 shares shortly before the date of assessment.

A party may, as the plaintiff contends, at any time after the answer to his claim has been filed, move with or without supporting affidavits for a summary judgment in his favor. Rule 56 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. However, a summary judgment should not be entered if the pleadings raise any genuine issue of fact material to the dispute between the parties. In other words, such a judgment is improper unless a trial would be a useless form. Saunders v. Higgins, D.C., 29 F. Supp. 326. Therefore, if an answer raises a material issue of fact, there is an insurmountable obstacle in the way of a summary judgment, no matter how a motion for the same may be bolstered by affidavits.

In the instant answer, the defendant avers that she does not believe, in the light of her knowledge and information, that she owned the shares averred in the complaint to have been her property at the time of the assessment. I deem this averment sufficient to raise a material issue of fact.

The motion is denied.