SYRACUSE GENERAL TIRE CORPORATION, Plaintiff, *v.* SOCONY-VACUUM OIL COMPANY, INC., Defendant.

Supreme Court, Special Term, Onondaga County, January 12, 1948.

*Mackenzie, Smith & Michell* (*Gustav P. Blaustein* of counsel), for defendant.

*Smith, Sovik, Levine & Richardson* (*Victor Levine* of counsel), for plaintiff.

MALPASS, J. The defendant has made this motion for summary judgment under rule 113 of the Rules of Civil Practice dismissing the complaint herein and canceling the *lis pendens* filed in the Onondaga County Clerk's office.

This action was brought by the plaintiff to secure a judgment requiring the defendant to specifically perform an alleged agreement to sell and convey to the plaintiff certain real property located in the city of Syracuse. The affidavits, pleadings and bill of particulars establish that the defendant is the owner of the real property involved in the action and that the plaintiffs were desirous of purchasing the same; that negotiations were had between the representatives of the parties, each of the parties being a corporation. It is also established that the plaintiff made an offer in writing for the purchase of the property and that said offer contained the provision that it was required that it be accepted by the board of directors of the defendant. It is claimed by the defendant that this offer was never submitted to or accepted by the board of directors of the defendant and this claim is supported by the positive affidavits of officers and agents of the defendant including the secretary of the defendant, who, it appears, had attended all of the meetings of the board of directors during the time of the negotiations between parties. It is also established that no authority was ever given by the defendant's board of directors for the execution of any contract whereby the defendant-corporation agreed to sell and convey the real prop-

erty to the plaintiff. The bill of particulars served by the plaintiff discloses that the alleged contract upon which the action is based was not subscribed by the defendant or any person authorized by the defendant's board of directors. Section 259 of the Real Property Law provides: " A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing."

The statute clearly requires that a contract " for the sale, of any real property " must be " subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." In its bill of particulars the plaintiff sets forth the writing which it claims to be the contract upon which its cause of action is based. This writing is an offer to purchase the property addressed to the defendant and signed by the plaintiff. The plaintiff's contention that the defendant adopted as its signature the name and address appearing at the top of plaintiff's offer and that this is sufficient to satisfy the statute is not well taken. No facts are set forth in the affidavits to justify such a conclusion. (*300 West End Ave. Corp.* v. *Warner,* 250 N. Y. 221, 227.)

The offer contains these words: " In the event the sale of the aforesaid premises is approved by your Board of Directors on the foregoing terms and you notify us to that effect within the aforesaid twenty day period, the Syracuse General Tire Corporation agrees to complete the purchase, etc." These words clearly indicate that there had been no complete contract, and that even the plaintiff could not be bound on the offer until defendant's board of directors approved the sale. In view of the unequivocal and unrefuted affidavits to the effect that defendant's board of directors never approved the sale or accepted the offer made by the plaintiff, it follows that there was never any contract between the parties. (*Mandel* v. *Guardian Holding Co.,* 200 App. Div. 767, 770, affd. 234 N. Y. 564.) There had been no meeting of the minds which is essential to every contract. An action for specific performance of an uncompleted contract cannot be maintained (*Ansorge* v. *Kane,* 244 N. Y. 395).

In this action the plaintiff has caused to be filed a notice of pendency of the action which has the effect of preventing the sale or leasing of defendant's property or the use of the property by the defendant itself until the determination of the action

and the cancellation of the notice of pendency. It would seem to be a proper case in which to grant a summary judgment.

The plaintiff has failed to set forth any facts as distinguished from suspicions, conclusions and hopes upon which it might succeed (*Ecker* v. *Muzysh*, 259 App. Div. 206; *O'Brien* v. *American Beverage Corp.*, 267 App. Div. 813).

Motion granted, with costs.