Maximilian Moss, S.
This is a motion in behalf of the remaindermen Edwin and Constance von Francken-Sierstorpff for summary judgment against Industrial Participations and Trading Company, Ltd., Inpatra. The motion papers were served upon the said corporation and its sub-assignees and their sub-sub-assignees. The motion is directed to two instruments, in form assignments, both of which were executed by Constance on March 16, 1948 at Geneva, Switzerland; one of which was directed to the City Bank Farmers Trust Company in the sum of $55,000; and the other to the Brooklyn Trust Company in the sum of $150,000; the provisions of which are set forth in Matter of Knowlton (208 Misc. 454, 457-459) decided July 21, 1955 by Mr. Justice Olliffe, sitting as acting Surrogate. By said decision the assignees of Constance and Edwin, who had also executed a similar instrument, were denied the right to become parties to a compromise, under the terms of which both Constance and Edwin each received the sum of $62,500 in both trusts, or a total sum of $250,000, which sums were directed to be paid to the city treasurer to the credit of Edwin and Constance subject to their attorneys’ lien and to the determination of the rights of Edwin’s and Constance’s assignees to share therein.
The said decision held as follows: ‘ ‘ Under all the aforesaid authorities, the instruments are not legal or equitable assignments and the assignees are not necessary parties to the compromise agreements. The instruments are, however, in form assignments and it would appear to have been the intent of the parties that they were to be in fact assignments.” (p. 464.)
The pleadings of the parties in this proceeding, insofar as the present motion is concerned, are the separate petitions for compromise by the trustees, the objections thereto by the respondent Inpatra and the joint reply of Edwin and Constance to Inpatra’s and Securities Administration and Trading Company’s et al. objections, all of which this court decided on June 22, 1956 sufficiently apprised the parties of the issues raised and to be determined.
Respondent Inpatra contends that Mr. Justice Olliffe’s decision, as the law of the case, requires that the issues arising out of the pleadings between it and the remaindermen be the subject of a hearing. That contention is untenable. The decision involved, among other things, the right of respondent and others to be parties to the compromise agreements, which right was denied. The decision did not in anywise pass upon the validity and scope of the instruments and did not pass upon the bona fides of the issues then raised by the pleadings. Those *389 issues are now determinable by this court by force of the affidavits submitted upon this motion (General Inv. Co. v. Inter borough R. T. Co., 235 N. Y. 133, 142, 143; Stewart v. Ahrens, 273 N. Y. 591; Ecker v. Muzysh, 259 App. Div. 206).
As stated in the aforesaid decision, the instruments in question are in form assignments, but the uncontradicted proof establishes that they were executed without consideration and were intended to evidence between the parties the relationship of principal and agent, without conferring any beneficial interest upon Inpatra. There is also an absence of proof that the agent suffered any loss acting within the scope of its authority requiring indemnification to it from liability to third persons. The agency has in effect been unilaterally cancelled by the principal through her pleadings in this proceeding, a right she could exercise at any time (Wilson Sullivan Co. v. International Paper Makers Realty Corp., 307 N. Y. 20, 24).
The motion is granted. Settle order on notice.