(May 12, 1972)

■ CARIBBEAN ATLANTIC AIRLINES, INC., Respondent, v. ROLLS-ROYCE, LIMITED, et al., Defendants, and GENERAL DYNAMICS CORPORATION, Appellant. CARIBBEAN ATLANTIC AIRLINES, INC., Respondent, v. ROLLS-ROYCE, LIMITED, et al., Appellants, et al., Defendants.— Orders, Supreme Court, New York County, entered on March 10, 1972, denying motion by defendants-appellants for summary judgment, reversed, on the law, the motion granted, the complaint, verified December 5, 1968, dismissed and the action severed as to defendants-appellants. Appellants shall recover of respondent $50 costs and disbursements of this appeal. In our judgment, two roadblocks effectively bar a recovery as to this complaint: (a) The superseding and merging clauses in both contracts excluded reliance on any alleged representations external to the agreements, which by their terms were not to be varied by any oral understandings. Both contracts also limited the warranties relied on by the plaintiff in its complaint, precluding recovery thereon. Thus, we cannot consider warranties, excluded by the terms of the contracts, nor can we consider alleged representations, omitted by the parties and their attorneys from inclusion in the contract. (b) If we were to reach the question of the releases, we would uphold the release given by the plaintiff to the defendant, Rolls-Royce, Limited, dated December 19, 1966, and the release given by the plaintiff to the defendant, General Dynamics Corporation, dated February 6, 1967, following a long period

of use of the subject engines by the plaintiff, as further barriers to a recovery on the complaint before us. Accordingly, we perceive no genuine triable issues of fact, and we regard summary judgment as appropriate. In the course of argument, our attention was untimely and ambiguously adverted to the fact a trial of the issues was actually in progress, a development not mentioned in the briefs of either party. The submission of the matter before us on appeal was without reservation. And no motion to dismiss or suspend the appeal as moot or improper was made. Notwithstanding, there is no limitation to the power of the court to make a summary determination. (*Ecker* v. *Muzysh,* 259 App. Div. 206.) Any doubts sufficient to warrant a denial of a motion for summary judgment must be created on the submission of the motion; we assume also, as we must, this motion for summary judgment also represented a full development of all facts sufficient to raise a triable issue. Concur — McGivern, J. P., Steuer and Capozzoli, JJ.; Kupferman, J., dissents in the following memorandum: I hesitate to join the majority because the well-constructed legal argument on the appeal by the attorney for the plaintiff-respondent raised the interesting possibility that the limited warranty and the release cover only "performance" questions but not those of "reliability", and that, putting aside the ordinary meaning of those words, and accepting them as words of art, we have an entirely different situation. I am reinforced in my hesitation by the fact that the case has already been on trial several weeks before Kirschenbaum, J., and the dubious practice of an absentee court granting summary judgment during a trial (for which this court gave a preference, 37 A D 2d 819) will prevent resolution of doubts based on expert testimony and more detailed factual analysis. Settle orders on notice.