Norman A. Stiller, J.
The question squarely before this court is: Should Special Term entertain a motion for summary judgment after a case has been on the calendar for three years and the attorneys have been ordered to pick a jury?
The answer of Special Term is “ No ”.
The chronology of events is as follows:
June 19,1967 — Cause of action accrued.
Approximately August, 1968 — Suit commenced.
Sept. 6 and Oct. 18,1968- — Answers served.
Nov. 12, 1968 — Bill of particulars served.
Sept. 12,1969 — Examinations before trial had.
Nov. 26,1969 — Note of issue with certificate of readiness filed.
1970-1971 — Case placed on day calendar.
Sept. 19,1972 — Motion made for summary judgment, brought before the court in October, 1972.
This case is one of the oldest on the calendar, being No. 20 of more than 5,000 cases.
When the calendar Judge directed the selection of a jury, it was called to his attention that a motion was pending in Special Term for summary judgment and the parties were sent to Special Term.
The plaintiff had no answering papers and appeared for the purpose of appealing to the discretion of the court not to entertain the motion for summary judgment, as it would delay the trial of the action. It is the contention of the defendants that a special circumstance intervened which justifies bringing the motion at this time, and that such special circumstance is the recent decision by the Appellate Division, Fourth Department, in the case of Ortiz v. Uhl (39 A D 2d 143 [May 25, 1972]).
This court sees nothing innovative in the Or Us case, the crux pf which is that the requirement that the owner must furnish a *33 safe place to work applies only insofar as its own facilities are concerned and does not include the contractor’s very work which it is performing. The case itself cites various authorities which hold to the same effect, all of which were decided prior to the certificate of readiness herein, and some of which, such as Hess v. Bernheimer (219 N. Y. 415), decided December 28, 1916, and Zucchelli v. City Constr. Co. (4 N Y 2d 52), decided February 28,1958, preceded the date of the accrual of this action by many years. Both of these cases hold to the same effect as Ortiz. The Ortiz case was known to attorney Mansour in May of 1972, since he represented one of the litigants therein.
If Special Term were to entertain a motion for summary judgment at this late stage, the plaintiff would desire an opportunity to submit answering affidavits. The trial would again be delayed and with three very busy counsel, it would be difficult to arrange again for a trial of the action. At the present time the attorneys are all available and this court feels that in its discretion, it should not add to the delay which has already taken place in bringing this action to trial.
The court is aware of the fact that CPLR 3212 does not set a time for the bringing of a motion for summary judgment and is aware of the case of Ecker v. Muzysh (259 App. Div. 206 [4th Dept.]) to that effect; but said case deals with unusual circumstances where a trial was had and the illness of a Judge precluded a decision. There was time to be saved — the time of a second trial. Here there is no time to be saved, but only to cause a delay. The cases presented by plaintiff are to the effect that the timing of a summary judgment motion so as to make it returnable on the eve of trial of an action has a tendency to frustrate rather than to further the primary purpose of the remedy, which is to obviate delay in litigation. (See Jordan v. Levy, 16 A D 2d 64 [1st Dept.]; also Pollak v. Lake Tibet Estates, 19 A D 2d 747 [2d Dept.].) When a cause has progressed to the point of imminent trial in the usual course, the disposal of the litigation will not then be accelerated by a motion for summary judgment. The motion then made, rather than proceeding in the furtherance of administration of justice, only impedes. (See Curry v. Mackenzie, 239 N. Y. 267.)
The motions of the defendants are denied, without consideration of the merits of the motions for summary judgment, with leave to the defendants to renew said motions before the trial court, should the trial court wish to entertain such a motion, this latter course being suggested in Jordan v. Levy (supra, p. 65).