SAUL SCHULMAN, Respondent, v. CHARLES CORNMAN and Others, Appellants.

First Department, June 24, 1927.

Vendor and purchaser — option to purchase — action by holder of option to recover balance of purchase price thereof — motion by plaintiff for summary judgment — defendants were sued as partners in purchase — defendants' denial of partnership and facts stated raise issue as to partnership — marketability — clause in contract provided that land was such part of described parcel as existed and was owned by seller — deficiency of eighty-five per cent — clause is ambiguous and issue is raised thereon — summary judgment improperly granted.

This is an action brought against the defendants, as partners, to recover the balance alleged to be due on an option for the purchase of real property which the plaintiff alleges he sold to the defendants. It was error for the court to grant plaintiff's motion for summary judgment, since it appears from the answer and affidavits that an issue is raised as to the alleged copartnership. The answer denied the existence of the partnership and other facts show that the sale of the option was made to one of the defendants to whom the money paid on the option was to be returned in case the title to the property proved to be unmarketable.

Furthermore, the defendants have raised an issue which must be tried as to the marketability of the title to the property in question. The contract of sale described the property and then provided " being such part of the said parcel of land as exists and is owned by the seller at the time of the signing of this agreement." It appears that property actually owned by the seller was only fifteen per cent of that described in the contract of sale. The clause quoted

is ambiguous. It may be construed either as requiring the acceptance of the land regardless of the amount actually owned by the seller or as requiring an acceptance only in case the deficiency proved to be small. Therefore, the issue is raised as to what was the intention of the parties and in the absence of any evidence of unusual circumstances justifying the court in holding, as a matter of law, that the parties intended that the contract should be enforcible without regard to the actual quantity of the land, it cannot be held, as a matter of law, that the defendants are required to accept a parcel which is only fifteen per cent of that described in the contract of sale.

APPEAL by the defendants, Charles Cornman and others, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 10th day of August, 1926, granting plaintiff's motion for summary judgment, and also from a judgment entered in said clerk's office on the 12th day of August, 1926, pursuant to said order.

*Charles Berlin* of counsel [*Henry C. Berlin* and *Robert B. Wilkes* with him on the brief; *Berlin & Berlin*, attorneys], for the appellants.

*Gustave B. Garfield* of counsel [*Maurice V. Seligson* with him on the brief; *Garfield & Seligson*, attorneys], for the respondent.

FINCH, J. This is an appeal from an order and judgment granting summary judgment to the plaintiff. The appeal must succeed inasmuch as the affidavits show that there are issues of fact which should await a trial.

The pleading and facts, in so far as they are necessary to show the reasons for the reversal, are briefly as follows: The complaint alleges that Joseph L. Cornman is a son of Charles Cornman and that Monochim Menschel is a son-in-law of Charles Cornman; that the defendants were copartners in the purchase for $10,000 of an option owned by the plaintiff, under which he could purchase beach front at Rockaway Beach, L. I.; that Joseph L. Cornman paid $1,000 on account of the purchase of the option and that thereafter Monochim Menschel, pursuant to the option, entered into a contract with the owner of the fee and that there is no defect in the title; judgment is, therefore, demanded in the sum of $9,000. That portion of the answer relating to the reasons for the reversal denies the partnership and sets up, as a separate defense, that the owner of the premises was not able to deliver title to at least eighty-five per cent of the land approximately described and could only deliver a plot ten feet in width on one side and eleven feet in width on the other side, instead of one hundred feet on one side and sixty feet on the other side, as approximately described in the contract.

Taking up first the issue of copartnership, it appears that Joseph L. Cornman alone signed the written agreement to purchase the

option and to him alone was the check to be returned in the event that the title proved unmarketable. The defendants denied that they were copartners and their denial is supported by the evidence supplied by the written agreements. In addition, there is a letter in the record from the attorney for the plaintiff to the attorney for the defendants, in which the former refers to the " original agreement between Mr. Schulman and Mr. Cornman, dated August 1, 1925, relating to the sale of Mr. Schulman's option to your client. The pertinent part of the agreement upon which the later escrow agreement is based, reads, ' if the title is not marketable then the said check shall be returned to Joseph L. Cornman.' Under this agreement under any other circumstances, the check held by you in escrow was to be delivered to Mr. Schulman. A reading of the agreement, copy of which I forward to you herewith, plainly shows that such was the intent." This was shortly after the purchase of the option was made and many months before this action was started, and no claim is made in this letter that the sale was between Mr. Schulman and all the defendants. Other evidence and inferences are also presented but enough has been shown to make clear an issue of fact as to the existence of a copartnership which must await a trial.

There is, however, another reason which requires a reversal of this summary judgment, and this reason affects all three defendants. As already noted, in the contract of purchase of the option it was expressly provided: " If the title is not marketable then the said sum shall be returned to said Joseph L. Cornman." There was thus present a condition precedent, compliance with which must precede the right of the plaintiff to recover the purchase price of the option, namely, that the owner of the land had title in accordance with the contract of sale. A sharp issue was raised as to whether under the wording of this contract of sale, the title which the owner of the land tendered might be considered a compliance therewith. The description in the contract of sale was as follows: " Bounded southerly by the Atlantic Ocean approximately one hundred feet on Florence Avenue, northerly by a line drawn at right angles at a point approximately one hundred feet north of ocean on Florence Avenue to a point on the easterly side of Seaview Avenue, distant approximately sixty feet more or less from the ocean; then sixty feet along easterly side of Seaview Avenue to the ocean, being the point or place of beginning; being such part of the said parcel of land as exists and is owned by the seller at the time of the signing of this agreement." To sustain the construction which he desires, the plaintiff in an affidavit says: " That at the time of the signing of this contract, counsel

for Mr. Ludwig, Sr., and Mr. Ludwig, Jr., in our presence, told the defendants that they knew nothing about the property or its boundaries and that the defendants be obliged to purchase whatever existed at the time of the execution of the contract of which Ludwig was vested with title. It was because of this fact that the following clause was inserted in this contract." And then follows the description of the property above set forth. It is the contention of the plaintiff that because of the clause in the above description " being such part of the said parcel of land as exists and is owned by the seller at the time of the signing of this agreement," it follows as a matter of law that the purchaser is compelled to take and pay the price named in the contract, namely, $75,000, even though the owner is seized of less than fifteen per cent of the land fairly comprised within the approximate description of the land. Obviously such a result may follow the use of such a clause if it can be shown from the facts and circumstances that the parties so intended. The clause, however, standing by itself would in the usual course refer to small variations in the description, and at the most to a failure to convey some small portion of the land. (*Paine* v. *Upton*, 87 N. Y. 327, followed in *Mills* v. *Kampfe*, 202 id. 46.) In *Paine* v. *Upton* (*supra*) Chief Judge Andrews, writing for the court, in considering a sale of a farm " containing about two hundred and twenty-two acres of land, be the same more or less," where there was a difference of more than thirteen acres, said of these words " more or less: " " They are also intended to cover small discrepancies between the actual quantity, and that stated in the contract or deed, and no inference of mistake would arise from a small discrepancy merely. But where the difference is material, and the mistake is confessed, or satisfactorily proved, there would seem to be no violation of principle in granting relief. It must, be conceded, upon the authority of *Belknap* v. *Sealey* (14 N. Y. 143) that if the contract for the sale of the farm in question was still executory, the plaintiff, upon the facts found, would be entitled to equitable relief."

While the language in the cause at bar can be claimed to be more elastic than that in *Paine* v. *Upton*, yet the same principle applies and no authority has been brought to our attention where as a matter of law such a clause has excused the conveyance of over eighty-five per cent of the land fairly comprised within the approximate description and where at the same time the purchaser should be compelled to pay the same purchase price. The clause is fairly susceptible of two meanings and is, therefore, ambiguous. In the absence of evidence showing unusual circumstances, to construe the clause as contended for by the plaintiff would be most

unreasonable. It may be that on account of the erosion in this vicinity and other circumstances, of which it is possible to produce evidence, the construction contended for by the plaintiff is the correct one. Without more facts, however, than are disclosed by this record, a court would not be justified as matter of law in ascribing this meaning to the clause. If the facts and circumstances which are produced to show the meaning in which the parties used this clause are undisputed, the construction of the instrument would of course be for the court in the light of these facts and circumstances; but if the facts or the inferences to be drawn from the facts are in dispute, such an issue is for the jury. The plaintiff urges, however, that since the purchaser of the property, Monochim Menschel, brought an action for abatement in the contract price, he has thereby affirmed the contract so as to entitle the plaintiff to recover for the sale of the option. It appears, however, that the complaint in the action of *Menschel* v. *Ludwig* was amended to plead constructive fraud and to demand the return of the deposit moneys. There is thus presented an issue requiring evidence to establish in what sense the parties used this ambiguous clause in question, namely, whether to include a variation which was a small proportion of the total amount purporting to be conveyed or to include any variation down to less than one-eighth of the land approximately contracted for.

It follows that the judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and motion for summary judgment denied, with ten dollars costs.