ITALIAN BENEVOLENT INSTITUTE, Respondent, *v.* ELAINE CO., INC., and Another, Appellants.

First Department, February 23, 1934.

*Jay Leo Rothschild* of counsel [*Louis Rivkin* and *James Charles Myers* with him on the brief; *James Charles Myers,* attorney], for the appellants.

*Philip Bongiorno,* for the respondent.

GLENNON, J. This is an appeal from an order made at Special Term, striking out defendant's affirmative defense and counterclaim as insufficient in law.

It is necessary to review the facts in order to indicate our reasons for believing that the appeal is well founded.

The plaintiff entered into a contract to sell and convey to the defendant Elaine Co., Inc., properties known as Nos. 1–3 and part of 5 East One Hundred and Sixth street, New York city, on September 15, 1929. The defendant Adolph L. Simon guaranteed the performance of the contract on the part of the Elaine Co., Inc. The closing of the title was fixed for July 1, 1930. On June 30, 1930, the closing date was adjourned by mutual consent to July eighth. A stipulation was entered into on July eighth whereby the closing was adjourned to January 8, 1931.

The premises were substantially damaged by fire on November 29, 1930. Shortly thereafter and prior to January 8, 1931, the

parties met for the purpose of discussing the question of the fire loss. The plaintiff insisted that the defendant Elaine Co., Inc., was required to complete the purchase without any allowance being made to it for the loss occasioned by the fire.

The defendant Elaine Co., Inc., on the other hand, demanded of the plaintiff that it should fix the amount of damage caused by the fire and also the allowance which plaintiff would make to it by reason thereof on the closing of title. Plaintiff refused to do so. It took the position that it was not obligated to sustain the loss by reason of the following clause which was contained in the stipulation on July 8, 1930, adjourning the sale: " In consideration of the foregoing adjournment and modification of terms, the Purchaser agrees to pay, at the time of the execution of this stipulation, the sum of Ten thousand dollars ($10,000) on account of the purchase price specified in said contract, and hereby waives all objections to title existing at the present time, and agrees that the physical condition of the buildings known as Nos. 1 and 3 East 106th Street at the time of closing title shall not be deemed an objection to title or an objection to closing under the contract, and that no allowance shall be claimed for any changes in or damages to said buildings since the date of said contract."

The defendants, on the other hand, asserted that the clause upon which plaintiff relied referred to damages which *occurred* to the buildings by reason of the demolition work *since the date of the original contract*, in connection with a part of the premises known as No. 5 East One Hundred and Sixth street.

The contract of sale contained the following clause: " The risk of loss or damage to said premises by fire until the delivery of said deed is assumed by the seller."

The claim was made by the defendants that the stipulation of July eighth did not modify the original agreement so as to transfer the risk of loss by fire from the plaintiff to the buyer.

The defendants contend that parol evidence of the surrounding circumstances is admissible to lay the basis for a proper construction of the entire contract. They assert, and properly so, that the intent of the parties cannot be determined as a matter of law on the pleadings.

We cannot say that it was the intention of the parties in writing the damage clause on July 8, 1930, to cancel the fire clause which was contained in the contract of sale. Fair minded men may disagree as to the meaning and effect of the two clauses. The language employed in the one, upon which plaintiff relies, is not free from ambiguity when considered in connection with the words used in the fire clause in the original contract. If that is so, the

interpretation of the language used by the parties becomes a mixed question of law and fact. In *Kenyon* v. *K. T. & M. M. A. Assn.* (122 N. Y. 247, at p. 254) Judge BRADLEY said: " It may preliminarily be observed that, as a general rule, the construction of a written instrument is a question of law for the court to determine, but when the language employed is not free from ambiguity, or when it is equivocal and its interpretation depends upon the sense in which the words were used in view of the subject to which they relate, the relation of the parties and the surrounding circumstances properly applicable to it, the intent of the parties becomes a matter of inquiry, and the interpretation of the language used by them is a mixed question of law and fact." (See, also, *Piedmont Hotel Co.* v. *Nettleton Co.*, 263 N. Y. 25.)

For these reasons assigned we believe that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to strike out the defense and counterclaim denied.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied.