*1032 Nolan, P. J., Carswell, Johnston and Adel, JJ., concur; Sneed, J., concurs in the affirmance of the order insofar as it denies plaintiff’s motion for summary judgment against defendant The New Amsterdam Casualty Company, but dissents insofar as the order dismisses plaintiff’s complaint against that defendant, and insofar as the order grants plaintiff’s motion for summary judgment against defendant The American Employers’ Insurance Company, and votes to deny plaintiff’s motion for summary judgment against the latter defendant, with the following memorandum: I do not agree with the majority of the court that there is presented no dispute of material facts. The fundamental question in this case is one of fact, rather than construction of the insurance contracts. That issue is presented by denials of the twenty-eighth paragraph of the amended complaint, by the affirmative defenses and by the affidavits submitted. The lid of the sink fell when the patron was in a position at the sink to have her hair shampooed, and before that operation was commenced. It played no part in the shampooing, but was raised to a vertical position to be out of the way to permit use of the sink. Whether the lid fell because of some *1033 defect in the device designed to hold it in a vertical position, or from some negligence on the part of the beauty parlor operator in placing it in that position presents an issue for jury determination. (Werfel v. Zivnostenska Banka, 287 N. Y. 91, 93; Curry v. Mackenzie, 239 N. Y. 267, 270; Piedmont Hotel Co. v. Nettleton Co., 263 N. Y. 25, 30; Atkinson v. Great Western Ins. Co., 65 N. Y. 531, 543.)