Benjamin Brenner, J.
Judgment is here sought declaring plaintiff R. H. Macy & Co. to he an “ insured ’ ’ under the liability policy of defendant General Accident Company entitling plaintiff to defense and coverage in an action brought against it by one Curry. The controversy is essentially between two insurance companies, tha.t is, between plaintiff’s own liability insurance carrier, Zurich General Accident and Liability Insurance Company, and the defendant.
The facts briefly are as follows: Television sets were being-unloaded at Macy’s warehouse from a truck owned by S & K Trucking. When the accident occurred the truck was backed onto a platform at the warehouse. Curry, an employee of the seller of the merchandise, was injured while working- alongside the driver of the truck employed by S & K Trucking. Skids were being supplied by Macy’s employees. One of them, a defective skid, was at or near the truck along with other skids upon which the television sets were being loaded. While engaged in the unloading operation Curry was standing upon that defective skid, as yet unused, and momentarily stepped off it. When he did so the defect therein caused him to fall.
The accident occurred on December 15, 1950. Curry commenced action against Macy on December 12, 1951 and on December 13,1951 Macy interposed an answer through attorneys for Zurich, its own carrier. On that very day, December 13, 1951, an attorney for Macy and Zurich made the following-notation in his own handwriting upon the complaint: “ Unloading case. The carrier for the automobile should perhaps defend this case. S.E.S. 12/13/51.” Thereafter and about every three months the file was reviewed by the attorneys for Macy. Finally, on December 15, 1953 a representative of Zurich wrote a memo in which he called attention to the fact that “ in spite of the attorney’s memorandum of December 13, 1951 nothing had been done to ascertain the carrier of the truck involved and to seek protection under that policy.” On December 24, 1953, Macy and Zurich, through their attorneys, made the initial demand that General defend the action and cover the risk.
*91 I find it to be the fact that the truck involved in the delivery at the scene of the accident was insured by General upon a policy it issued to S & K Trucking. The coverage extends to anyone using or legally responsible for the use of the truck, provided such use is with the permission of the named insured. The evidence clearly established that the truck was used with permission of S & K Trucking, the named insured. Control of the vehicle would be basic to a finding of legal responsibility for its use. It may be argued that Macy had no such control and consequently could not be said to have been legally responsible for such use. But the policy also supplies protection to a user of the vehicle and there can be no question that at its warehouse for the purpose óf receiving the television sets Macy made use of the truck. The contention that the policy was not intended to cover Macy’s negligence in furnishing a defective skid overlooks the fact that the skid was then factually utilized to facilitate the unloading operation.
Our courts favor broad construction of the omnibus clause in policies as to loading and unloading in commercial pick-ups and deliveries. They have interpreted them as covering the complete operation, extending even to accidents involving the transported goods or relating to occurrences away from the truck during the unloading process. (Wagman v. American Fidelity & Cas. Co., 304 N. Y. 490; Lowry v. Macy & Co., 119 N. Y. S. 2d 5.) In the light of such broad construction and the concept that such omnibus coverage extends to the complete unloading operation, Macy became an insured entitling it to defense and protection by General as the insurer.
There was, however, a flagrant failure to comply with General’s policy condition as to notice. Macy, though aware of the occurrence, made no report of it to Zurich, its own carrier, until a year later, when it was served by Curry. When the complaint was received its agent and attorney noted upon it that the insurance carrier of the truck should be located and be required to defend. Yet the matter was not called to General’s attention, despite such notation, until two years beyond that date, in December, 1953. Moreover, as disclosed by the evidence, Macy, through its attorneys, was familiar with this type of additional coverage and how to locate information relative to same; nonetheless it neglected to do so.
This claim to coverage is not derivative. Under the omnibus clause, though not the named insured, Macy was truly an insured party. It would be entitled to coverage only if it fulfilled the conditions in the policy as to co-operation and notice. Protracted delay must destroy its claim unless it comes forward affirma *92 lively to repel the adverse inference. (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302; Greenwich Bank v. Hartford Fire Ins. Co., 250 N. Y. 116.) There are here no circumstances to explain the delay. On the contrary, Macy ignored its known obligation as to notice — an obligation precedent to its claim for coverage of which it had or should have had knowledge. Conceivably, where an unnamed insured under an omnibus clause is completely unaware of coverage in his favor, even the lapse of two years in giving notice would not be fatal. But that would require affirmative proof positive that he was a careful and unsuspecting beneficiary, wholly unaware of his benefits under the policy. (Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51.)
The plaintiff seeks to bar defendant’s plea of late notice because under rule 92 of the Rules of Civil Practice defendant’s denial of due performance by plaintiff was in general terms. An action for a declaratory judgment is not an action on contract though it may involve contractual obligations. Rule 92 is therefore not applicable. In any ease, as above indicated, the burden is on plaintiff to establish compliance with the terms of the policy as to timely notice. Moreover, the court’s objective in an equity proceeding is a practical objective and it must adjudicate the rights of the parties regardless of defects of pleading, assuming such a defect, if, in its discretion, the controversy is real arid the declaration of judgment useful (Civ. Prac. Act, § 473; Rules Civ. Prac., rule 212). If at any time prior to trial rights or legal relations are disputed, put at issue or cast in doubt, the court must look to substance and effect rather than to the form or defect of a plea (Baumann v. Baumann, 222 App. Div. 460). Should a valid defense be stricken or disregarded because of technical defect in pleading, no useful purpose would be accomplished by a declaratory judgment which neglects the essence of the legal controversy.
Had Macy complied with the terms of the policy General’s liability would be limited to that of a coinsurer from whom only proportionate insurance coverage would be required because the insured would then be doubly insured for the same risk. However, since defendant is completely absolved, there is no need to consider that subject further.
Judgment is accordingly rendered declaring that there is no obligation on the part of the defendant, General Accident, under the terms of its liability policy of insurance to defend in behalf of the plaintiff or to pay any judgment which may be rendered in Curry’s action. This opinion disposes of all motions upon trial and constitutes the court’s decision pursuant to section 440 of the Civil Practice Act. No costs are awarded to any of the parties. Submit decree in accordance herewith.