Conway, Ch. J.
(dissenting). Plaintiff agreed to furnish, erect and paint all structural steel work in a building for defendant Mutual Life Insurance Company. The escalator or price adjustment clause in the contract provided: “ The price or prices herein stated are based on prices for component materials, labor rates applicable to the fabrication and erection thereof and freight rates, in effect as of the date of this proposal. If, at any time prior to completion of performance of the work to be performed hereunder, any of said material prices, labor rates and/or freight rates shall be increased or decreased, then in respect of any of said work performed thereafter there shall be a corresponding increase or decrease in the prices herein stated.”
The case turns upon the construction to be placed upon the words “component materials”. It is the position of the plaintiff that by those words it meant the plain steel products such as shapes, bars, sheets and plates which were shipped from its mills to its fabricating works and that the term “ prices ” meant the price at which it regularly sold such products to others, so that if it increased its prices to others *462 it could increase its price to Mutual. The defendant Mutual claims that under the disputed clause plaintiff was entitled only to increases in the cost of “ component materials ” which enter into the production of the structural steel to be furnished by it under the contract.
This being an appeal from a judgment of the Appellate Division affirming the Supreme Court judgment fixing damages after entry of an order of the Appellate Division granting summary judgment, we are called upon to determine, merely, whether a triable issue of fact exists for, on a motion for summary judgment “ Issue-finding, rather than issue-determination, is the key to the procedure.” (Esteve v. Abad, 271 App. Div. 725, 727.) If triable issues are present, the motion for summary judgment must be denied and the case permitted to take its usual course (ibid.) The intent of parties, where the language of a writing is ambiguous, constitutes a question of fact (Italian Benevolent Inst. v. Elaine Co., 240 App. Div. 196). As we recently said in Lachs v. Fidelity & Cas. Co. (306 N. Y. 357, 364), in denying a motion for summary judgment: “ We have never departed from our statement in Kenyon v. Knights Templar & Masonic Mut. Aid Assn. (122 N. Y. 247, 254): ‘ It may preliminarily be observed that, as a general rule, the construction of a written instrument is a question of law for the court to determine, but when the language employed is not free from ambiguity, or when it is equivocal and its interpretation depends upon the sense in which the words were used, in view of the subject to which they relate, the relation of the parties and the surrounding circumstances properly applicable to it, the intent of the parties becomes a matter of inquiry, and the interpretation of the language used by them is a mixed question of law and fact.’ ”
It is suggested that the escalation clause here involved is free from ambiguity and is so clear that it is capable of but one reasonable meaning •— and that the one urged by Bethlehem. I cannot agree. In my opinion, the language of the contract is susceptible of more than one reasonable interpretation and so a trial must be had.
As the appellants point out, the usual purpose of an escalation clause is to preserve, substantially, the benefit of a bargain. Such a clause is intended to protect against unanticipated or unpredictable changes which might render the bargain unduly *463 harsh. An escalation clause is not ordinarily intended to enable one party to render the bargain more profitable to himself. It seems to me that the words “ prices for component materials ” taken in their ordinary meaning can reasonably be understood to refer to the additional prices which Bethlehem would be required to pay in order to obtain and furnish the materials necessary for the performance of the contract work. In other words, those words could reasonably mean that the contract price was to be increased pursuant to the escalation clause, if Bethlehem’s costs and expenses increased. Even under Bethlehem’s interpretation of the clause, the contract price per net ton of erected steel was to be adjusted if there was an increase or decrease in the prices paid by Bethlehem for labor, freight and such materials as welding rods and paint. From this, one could reasonably conclude that the clause would operate similarly insofar as other materials are concerned and that an increase could be demanded on account of steel produced by Bethlehem only if its costs with respect thereto increased, i.e., if there were increases in the prices paid by Bethlehem in order to obtain the materials necessary to produce steel. In the absence of a special understanding or definition, such view is in accord with reason. It is perfectly consistent with the wording of the contract and is in keeping with the usual purpose of an escalation clause, i. e., to preserve, not better, the bargain already struck.
An additional reason for adopting this interpretation, rather than Bethlehem’s,, is the rule that the language of a contract is to be construed strictly against the party who drafted it. The clause in question here was prepared by Bethlehem, having been taken verbatim from Bethlehem’s original proposal to Mutual.
The fact that the interpretation urged by Bethlehem is other than that ordinarily given an escalation clause, and the fact that Bethlehem seeks to impress technical and uncommon meanings upon general, everyday words demonstrate, to my mind, that the clause in question is at least ambiguous and that its proper meaning cannot be summarily determined without full opportunity for inquiry into the context in which the words in dispute were used, the surrounding circumstances, the negotiations and the understanding of the individual negotiators.
In my judgment, therefore, this is not a case for the granting *464 of summary judgment and I vote to reverse the judgment of the Appellate Division and to deny the motion for summary judgment.
Desmond, Fuld, Van Voorhis and Burke, JJ., concur with Dye, J.; Conway, Ch. J., dissents in an opinion in which Froessel, J., concurs.
Judgment affirmed.