Per Curiam.

Defendant’s claim that the clause reading “ Subject to my attorney’s approval,” contained in the binder agreement, made the formal contract, entered into later by the defendant and the purchaser, subject to such approval, raises, at best, a question of fact with respect to whether the parties intended the aforesaid “ approval ” clause to apply only to the terms and conditions specifically contained in the binder agreement, or whether they intended it to apply to all the terms of the sale as embodied in a later formal contract. Intent, where the language is ambiguous, constitutes a question of fact. (Italian Benevolent Inst. v. Elaine Co., 240 App. Div. 196; Piedmont Hotel Co. v. Nettleton Co., 263 N. Y. 25, 30; see, also, Dowdle v. Richards, 2 A D 2d 486.) Such question cannot be decided on a motion for summary judgment.
The question whether the failure of title to pass was sufficient to bar recovery by plaintiff must await the determination of the question of fact arising out of the construction of the “ approval ” clause in the binder agreement.
The order and judgment should be reversed on the law and facts, with $30 costs to plaintiff, and motion denied.
Pette, Hart and Di Gtovanna, JJ., concur.
Order and judgment reversed, etc.