James J. Conroy, J.
Defendants Jack Liss and Korlis, Ltd., by separate motion, move conjunctively and alternatively for the following identical relief: (1) to dismiss the amended complaint for legal insufficiency; (2) to compel plaintiff to serve a second amended complaint separately stating and numbering his causes of action; (3) to require plaintiff to make the amended complaint more definite and certain and (4) to strike out matter from the amended complaint as sham, frivolous, irrelevant, unnecessary and prejudicial.
The complaint, which in its present form purports to state one cause of action for declaratory and consequential injunctive relief, alleges in substance as follows: On or about November 25, 1959 plaintiff and defendants Liss and Korlis, Ltd., entered into a written agreement (a copy of which is attached to and made part of the complaint) pursuant to which said defendants purchased and imported during the year 1960 approximately 88,365 bicycles upon which certain duties were imposed by the United States and paid by defendants. Thereafter, in proceedings pending against Korlis, Ltd., and the plaintiff, the United States Treasury Department “ had imposed or has proposed to impose certain additional revised duties and penalties as a result of the importation of said bicycles in a sum upwards of $227,000 ’ ’ (par. eighth). Plaintiff is a party to said proceedings because said defendants elected to use the name of plaintiff as the nominal importer and said additional duties and penalties should be paid by said defendants or Korlis, Ltd., pursuant to the agreement of November 25, 1959.
The complaint further alleges (par. eleventh) that on February 16, 1961, Korlis, Ltd., owed plaintiff $3,737.97, but refused to pay it except by a check stating that plaintiff was “ solely liable for and shall pay said additional duties and penalties for defendant korlis, ltd.”, a check which plaintiff cashed to get payment of the debt.
In paragraph thirteenth plaintiff alleges that the individual defendant has organized defendant Rover, Inc. (a named defendant, but not a party to this action because never duly served with process) and is corruptly and unlawfully diverting the assets and business from Korlis, Ltd., to Rover, Inc., so that Korlis, Ltd., will become judgment proof and any judgment for reimbursement that plaintiff may obtain against it after paying said duties and penalties to the Government will be worthless.
The declaratory relief demanded in the complaint is in substance that pursuant to the terms of the agreement of November 25,1959, defendants Liss and Korlis, Ltd., or the latter defendant, should pay the additional duties and penalties and that *540 the rights of the parties were not altered by plaintiff’s taking and cashing the check dated February 16, 1959. The equitable relief demanded is that said defendants be enjoined from diverting the assets and business from Korlis, Ltd., and rendering it judgment proof and for such relief pendente lite.
The basic document is the agreement dated November 25,1959, which is in the form of a letter from plaintiff to Kor.lis, Ltd. Under that agreement plaintiff conferred upon Korlis, Ltd., the “ exclusive sale ” of bicycles imported from Czechoslovakia for the year 1960 upon certain terms and conditions, only the following of which is material here: “I [the plaintiff] will make customs entry in my name at the port of entry. You have the option of paying me on a duty paid basis to be agreed upon. This option is to [be] exercised as soon as the first arrival has been cleared through customs, and this agreed duty paid price will be static and binding throughout 1960. ’ ’ That letter was signed by plaintiff and by defendant Liss as president of defendant Korlis, Ltd.
The crucial branch of defendants’ respective motions is, of course, that attacking the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. Plaintiff’s failure to plead due performance of the conditions in the contract on his part to be performed does not render the complaint insufficient in law since an action for a declaratory judgment is not an action on a contract within the meaning of rule 92 of the Rules of Civil Practice (Macy & Co. v. General Acc. Assur. Corp., 4 Misc 2d 89, 92). Nor may the complaint be dismissed because plaintiff may not be entitled to a declaration of rights as he claims them to be (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 51; Sylvander v. Taber, 6 A D 2d 987; Marshall v. City of Norwich, 1 A D 2d 498, 500).
Nevertheless the complaint must be dismissed as to the individual defendant. In the language of plaintiff’s attorney “ Plaintiff seeks a declaration of the rights of the parties flowing from a written contract ” (Memorandum of law, p. 6). But the individual defendant is not a party to that contract. He signed it in his capacity as president of Korlis, Ltd., and not in his individual capacity. Such being the case, no cause of action under that contract is or can, under the facts disclosed, be asserted against him (Salzman Sign Co. v. Beck, 10 N Y 2d 63). The thirteenth paragraph of the complaint, which charges Liss with “corruptly and unlawfully diverting” assets and business from Korlis, Ltd., to Rover, Inc., states a conclusion and not the material facts required under section 241 of the Civil Practice Act. The first branch of the motion of defendant *541 Liss is accordingly granted and all other branches are dismissed as academic.
A different conclusion, however, is reached as to the sufficiency of the complaint as against Korlis, Ltd. The nub of this complaint is whether plaintiff or Korlis, Ltd., is liable for customs duties under their contract. Were this action one to determine such liability before any customs duties were due, it would clearly be maintainable. The same result should follow as to the additional duties and penalties to impose which the Federal Government has instituted proceedings. The threat is real and much more than a mere remote possibility which may never eventuate.
The general purpose of a declaratory judgment “is to quiet or stabilize an uncertain or disputed jural relation either as to present or prospective obligations and to set controversies at rest before they lead to the repudiation of obligations, the invasion of rights, and the commission of wrongs ” (22 CarmodvWait, New York Practice, p. 696, and cases cited [emphasis supplied]). “It is not necessary that the plaintiff have a present rather than a contingent right ” (id., p. 718 [emphasis supplied]); however, ‘ ‘ the dispute must be a present one ’ ’ and not “ contingent on the happening of some future event which may never take place ” (id., pp. 721-722 [emphasis supplied]). Plaintiff’s right in the instant case may be contingent; the dispute, however, is not. Objective proof of the existence of that dispute is the statement which Korlis, Ltd., allegedly inserted on the check referred to above to the effect that plaintiff was solely liable for the additional duties and penalties. A present determination of that dispute would, therefore, seem to be necessary and appropriate. The first branch of the motion by Korlis, Ltd., is accordingly denied.
The second branch of that motion, which seeks to compel plaintiff to separately state and number his causes of action, is granted. Reference to the check taken and cashed by plaintiff in spite of the statement thereon that he was solely liable for and should pay the additional duties and penalties can play no part in his affirmative case unless he is seeking to set that entire transaction aside on some ground cognizable in law or equity. It is, as it presently stands, merely anticipatory of a defense of accord and satisfaction and no facts are stated sufficient to set that transaction aside.
The third branch of the motion of Korlis, Ltd., Le., to make the complaint more definite and certain, is denied.
The fourth branch of the motion, i.e., to strike out the eighth through thirteenth paragraphs of the complaint as sham, frivo *542 Ions, irrelevant, unnecessary and prejudicial, is granted as to the eleventh and twelfth paragraphs, which refer to the check mentioned above, and to the thirteenth paragraph, which, as already noted, is purely conclusory.
Plaintiff may, if so advised, serve an amended complaint against defendants Liss or Korlis, Ltd., or both, separately stating and numbering his causes of action, within 10 days after service of a copy of the order to be entered hereon, with notice of entry.