Abraham Gellinoff, J.
Pursuant to rules 112 and 113 of the Rules of Civil Practice, defendant moves for judgment on the pleadings and for summary judgment dismissing the complaint. Plaintiff cross-moves for summary judgment and in conjunction therewith seeks an injunctive order restraining defendant 11 from taking any steps or acts to terminate the agreement ’ ’ between the parties.
Defendant’s motion for judgment on the pleadings attacks the legal sufficiency of the complaint. Stripped of its unnecessary allegations, the complaint basically seeks a judicial determination as to what constitutes the duration of a certain agreement dated November 17, 1953. By its amended answer the defendant in effect admits plaintiff’s allegation that a dispute *442 has arisen between them concerning the terminal date of the agreement. A determination of this issue, therefore, may properly be sought by an action for a declaratory judgment, the very purpose of which is to stabilize and to remove uncertainty from legal relations (James v. Alderton Dock Yards, 256 N. Y. 298; Fidelity & Columbia Trust Co. v. Levin, 128 Misc. 838, 839, affd. 221 App. Div. 786, affd. 248 N Y. 551). Performance of contractual conditions precedent by either party is not a prerequisite to a declaration of rights by a court (Macy & Co. v. General Acc., Fire & Life Assur. Corp., 4 Misc 2d 89, 92) and the availability of another form of action does not ipso facto compel the denial of declaratory relief (Woollard v. Schaffer Stores Co., 272 N. Y. 304, 311-312).
It appears from the papers before this court that ambiguity does exist as to certain language contained in paragraph 12 of the agreement here involved. This agreement on its face is much more than a mere “sublease”. Under the circumstances disclosed by the moving papers, parol evidence adduced upon a trial, subject to cross-examination by counsel, would be admissible to interpret the meaning of the ambiguous phrase here involved and the intent of the contracting parties with respect thereto. In the interests of justice, therefore, the issues created by such ambiguity should not be determined solely on the basis of affidavits submitted on motions for summary judgment (Piedmont Hotel Co. v. Nettleton Co., 263 N. Y. 25, 30; Italian Benevolent Inst. v. Elaine Co., 240 App. Div. 196,198). These issues can best be resolved by a trial.
Similarly, nothing in the moving papers warrants granting plaintiff summarily the injunctive relief it seeks without a trial.
Accordingly, defendant’s motion for judgment on the pleadings and the motions of both parties for summary judgment are denied, and plaintiff’s cross motion for an injunction is denied. Since the issue is joined an early trial is directed, and the Clerk of the court will place this ease at the head of the calendar on a day certain to be agreed on between the parties, upon payment of the Clerk’s fees, filing of statement of readiness and the waiving of pretrial procedures by both sides.