■ Emil Bundschu et al., Respondents, v. Travelers Insurance Company et al., Appellants.— In an action to declare the plaintiffs Bundschu to be entitled to coverage and protection as insureds under an automobile liability insurance policy which contained the usual "loading and unloading" provision, issued by the defendant Travelers Insurance Company to the codefendant Grodson, such coverage being sought with respect to a negligence action brought against the Bundschus by one Parker (an employee of Grodson) to recover damages for personal injury sustained by Parker on the Bundschus' premises while he (Parker) was engaged in unloading certain merchandise from Grodson's truck, defendants Grodson and Travelers Insurance Company appeal from a judgment of the Supreme Court, Orange County, entered November 20, 1962 after a nonjury trial upon the court's opinion-decision rendered pursuant to stipulated facts, which declared: (1) that the plaintiffs Bundschus are insured under the said policy; and (2) that as such they are entitled to be defended by the Travelers Insurance Company in the pending tort action against them; and (3) that the Travelers Insurance Company is liable within the policy limits for any judgment which may be rendered against the Bundschus in the said pending tort action against them. Judgment modified on the law and the facts, without costs, as follows: (1) by striking out from the second decretal paragraph the subparagraphs numbered 1, 2 and 3 declaring the plaintiffs to be insureds under the policy, etc., and (2) by substituting therefor subparagraphs declaring: (a) that the plaintiffs are not such insureds under said policy; (b) that plaintiffs are not entitled to be defended by the Travelers Insurance Company in the pending tort action against them; and (c) that Travelers is not liable under said policy for any judgment which may be rendered against plaintiffs in the said pending tort action against them. As so modified, the judgment is affirmed, without costs. The findings of fact contained or implicit in the opinion-decision of the Trial Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The facts out of which this action arose are as follows: The defendant Grodson, who conducted a farm and grain business, owned several trucks upon which the defendant Travelers Insurance Company had issued a comprehensive liability insurance policy, which provided for written notice of an accident by or on behalf of the insured "as soon as practicable." Grodson also had a workmen's compensation policy for his employees which likewise had been issued to him by Travelers. On March 18, 1958, one Parker and one Pulverent, Grodson's employees, were unloading from his truck bags of grain and feed and delivering them into the chicken house of the plaintiffs (Bundschus). In the course of this operation, Parker, while standing on a cinder block inside the grain room of the chicken house, after being handed a bag by Pulverent (who was on the truck), turned and fell as the step crumbled, and sustained injuries. Under date of March 20, 1958 Grodson filed Form C-2 with the Workmen's Compensation Board and with Travelers. On October 8, 1958 Parker instituted an action against the Bundschus to recover for the

injuries sustained. On November 24, 1958 National Grange Insurance Co., the Bundschus' carrier, caused Bundschus' answer in the Parker action to be served. On September 16, 1959 Travelers served a notice on the Bundschus' (or National's) attorneys in the Parker action, claiming a lien pursuant to section 29 of the Workmen's Compensation Law for any compensation Travelers might have to pay to Parker. Under date of February 12, 1960 the Bundschus wrote Grodson stating that they were "recently informed" that Grodson had liability insurance on the truck which contained a "loading and unloading" clause, and demanded that Grodson's insurance carrier take over the defense of the Parker action. On April 6, 1960 Travelers acknowledged receipt of the February 12, 1960 letter and stated that this was its first knowledge of the Parker action and that it would investigate and advise. Thereafter Travelers denied coverage, and the instant action followed. The issues presented are: (1) whether plaintiffs are insureds under Travelers' liability policy; and (2) if so, whether Travelers received timely notice of the accident, as required under the policy. The court found in favor of plaintiffs on both issues; and defendants appeal. We agree with the court below in its conclusion that there was coverage under the "loading and unloading" clause in Travelers' policy issued to Grodson (*Wagman* v. *American Fid. & Cas. Co.*, 304 N. Y. 490, 494–495). We disagree, however, with its conclusion that the Bundschus' notice to Travelers was given within a reasonable time (*Mason* v. *Allstate Ins. Co.*, 12 A D 2d 138, 146, 147 and cases there cited). While the Bundschus might have been unaware of the coverage under the Grodson policy when Parker commenced his action on October 8, 1958, the Bundschus and their carrier National (the latter certainly being familiar with this type of additional coverage and how to obtain this information) knew or should have known of the coverage when they served the answer in the Parker action on November 24, 1958 (*Macy & Co.* v. *General Acc. Fire & Life Assur. Corp.*, 4 Misc 2d 89, 91). Since the burden of excusing the delay is on plaintiffs (*Rushing* v. *Commercial Cas. Ins. Co.*, 251 N. Y. 302), the excuse for the delay offered by plaintiffs in their letter to Grodson dated February 12, 1960 — more than 14 months after service of their answer in the action by Parker against them — that they were "recently informed" that Grodson's policy contained a "loading and unloading" clause, does not in our opinion constitute notice "as soon as practicable," as required by the policy issued by Travelers to Grodson. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.