■ WADSWORTH & SONS, INC., Respondent, v. CHESTER C. DAVIS, Appellant. SWEENEY, J. Appeal from a judgment of the Supreme Court at Special Term, entered September 26, 1969 in Delaware County, granting summary judgment to plaintiff. Plaintiff is a supplier of electrical and heating goods and services. This litigation concerns nine invoices for equipment and services rendered by plaintiff to defendant, a dairy farm operator. Special Term granted summary judgment on all invoices, holding that defendant failed to raise a bona fide triable issue. On this appeal we are concerned with only four of the invoices. The first invoice covers the cost of furnishing and installing two fuel tanks. Defendant contends, among other things, that the work was done pursuant to a written contract with a stated price of $850, including labor. Months after defendant concededly paid the $850 he received another bill for $90. Plaintiff contends the additional charge was for labor, and was not contemplated by the parties when the original contract was made. To resolve the controversy the intent of the parties must be determined, and this should not be attempted on affidavits. (*Piedmont Hotel Co.* v. *Nettleton Co.*, 263 N. Y. 25.) Two of the other invoices cover charges for labor which defendant contends are excessive, and that plaintiff has failed to satisfactorily explain them. The reasonable charge for this type labor is within the knowledge of one engaged in the electrical and heating business, such as plaintiff. Since it has this knowledge, and defendant presumably does not, defendant should have the opportunity to cross examine plaintiff's witnesses on a trial to test the reasonableness of the charges. (*Terranova* v. *Emil*, 20 N Y 2d 493.) The last invoice covers work performed by the plaintiff for one of defendant's tenants. Whether this work was done at the request of the defendant, or on the request of the tenant, presents a question of fact which can be resolved only by a trial. Consequently, we conclude that since there are triable issues of fact, summary judgment cannot be granted. Judgment and order modified, on the law, so as to deny summary judgment with respect of invoices numbered 1295, 23915,

65140 and 65141, and, as so modified, affirmed, with costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.