■ JACOB P. ORENSKY, Respondent, v. FAIM INFORMATION SERVICES, INC., Appellant, et al., Defendant.— In an action to recover money allegedly due on a contract (first clause) and damages for breach of the contract (second cause), in which three counterclaims were interposed, defendant Faim Information Services, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, entered July 16, 1973, as, after denying plaintiff's motion for summary judgment on the first cause, adjudicated certain of the issues in the case as incontrovertible and established, pursuant to CPLR 3212 (subd. [g]). Order reversed insofar as appealed from, without costs. In our opinion, the subject matter of this action, to wit, the agreement under which each party claims and counterclaims, presents interrelated and disputed issues of fact not properly resolvable under CPLR 3212 (subd. [g]). The seemingly absolute language of paragraph 2 of the agreement appears to be qualified by the language of paragraph 5 thereof and properly presents an issue of fact to be determined at trial. Shapiro, Acting P. J., Christ and Benjamin, JJ., concur; Brennan and Munder, JJ., dissent and vote to affirm the order insofar as appealed from, with the following memorandum: The basis of this litigation is a contract executed by the parties on December 15, 1970. The first paragraph of the contract states it was subject to the closing of an agreement for the sale of all the outstanding stock of Consult, Inc., of which plaintiff was the sole stockholder, to appellant. That occurred as agreed upon and thus the contract became effective. The second paragraph provides that thereupon defendant would become obligated to plaintiff in the amount of $80,000, 20% to be paid on January 1, 1972 and an additional 20% on January 1 of each of the next four years. The contract further provides that this obligation to pay $80,000 is "an unconditional obligation, payable as a bonus for the execution of this Agreement, and shall be payable regardless of any future event, either to the Employee [plain-

tiff] if he is then living or to his estate." By using this language the parties left no doubt: appellant was to pay plaintiff $80,000, in installments, for the latter's sale of the stock of Consult, Inc. and, once the closing of the agreement of sale took place, the obligation was "unconditional", i.e., not subject to any condition subsequent. The contract further provides, in paragraph 5, that plaintiff shall not compete with appellant or Consult, Inc. in any manner whatever, for two years after termination of his employment with Consult, Inc., whether termination be voluntary or for cause. Paragraph 5 concludes with the following: "It is understood that the bonus payable to the Employee [plaintiff] pursuant to paragraph 2, although an unqualified obligation, is compensation for the non-compete provision of this paragraph and paragraph 6." The unconditional obligation contained in paragraph 2 is *not* qualified by anything contained in paragraph 5. Indeed, the parties acknowledged in paragraph 5 itself that the obligation to pay the amounts specified in paragraph 2 is "unqualified". The language of paragraph 5 in no way imposed a condition subsequent on plaintiff's right to the $80,000, or to any of the five installments. On January 1, 1972 plaintiff was entitled to $16,000 and Special Term so found. He was not entitled to summary judgment for that amount, however, because he may have violated other provisions of the contract and appellant could set off any damages due it for such violations against the amounts due under paragraph 2. Special Term was correct therefore when, pursuant to CPLR 3212 (subd. [g]), it denied plaintiff summary judgment but limited the issues for trial by finding as follows: "1) that the plaintiff, on the basis of the agreement dated December 15, 1970, is entitled to recover from the [appellant] an amount determined in part by the provisions of Paragraph II of that agreement. The defendant FAIM promised *unconditionally* to pay the plaintiff $16,000.00 on January 1, 1972, and the same amount on each succeeding January 1, for the next four years, until the sum of $80,000.00 was paid. 2) That the consideration for this promise was simply the plaintiff's execution of the subject agreement".