■ MARIO OSTA, Respondent, v CHESTER JAZEBOSKI et al., Appellants.— Appeals from an order of the Supreme Court at Special Term, entered March 23, 1977 in Schenectady County, which granted the plaintiff Osta's motion for summary judgment. Order affirmed, without costs, on the opinion of Mr. Justice Cerrito at Special Term. Kane, J. P., Main, Larkin and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The grant of plaintiff's motion for summary judgment was improvident and the decision of Special Term should be reversed. Summary judgment is a drastic remedy which should not be granted if there is any doubt as to the existence of an issue of fact *(Millerton Agway Co-op. v Briarcliff Farms,* 17 NY2d 57). In ruling on a summary judgment motion, the court must accept as true all the evidence interposed by the opposing party *(Boden v Arnstein,* 293 NY 99; *Weiss v Garfield,* 21 AD2d 156). The motion must be denied if a material question of fact exists *(Orensky v Faim Information Servs.,* 43 AD2d 973). The affidavits, pleadings and exhibits submitted on the motion raise several factual issues. The complaint seeks specific performance or damages of $100,000. It alleges that the parties executed a written agreement whereby plaintiff was to lease defendants' property for 10 years at a rental of $100 a

month. The agreement gave plaintiff the exclusive option to purchase the premises for $11,000 provided $6,000 had been paid in rental fees. The first $6,000 was to be paid to Jane Jazeboski and thereafter in equal proportion to both Jazeboskis. On June 28, 1976 plaintiff attempted to exercise his option and tendered $11,000 to the Jazeboskis who refused to convey title. The defendants' answer raises defenses of false misrepresentation in that defendants allege that plaintiff's counsel drew the lease agreement and represented to them that it contained the terms which the parties had agreed on, namely, that the Jazeboskis reserved to themselves the option to sell the premises and that a certain portion of land which the Jazeboskis wished to reserve for themselves was not included in the option to sell the premises. It is further alleged that the agreement was not clear on its face in that use of the word "option" was, to the uneducated and unsophisticated laymen, unclear and that the Jazeboskis believed the "option" in the lease gave them the right to decide as to whether or not to sell the property. Relying on their mistaken understanding of the written agreement, Chester Jazeboski built a building on the property on the portion he believed was reserved from the option to sell. The defendants' allegation of fraudulent misrepresentation as to the contents of the lease and unilateral mistake on their part raises circumstances which if ultimately proven on trial would warrant rescission or reformation of the contract (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77). It is fundamental that it is the responsibility of the court to interpret written instruments. The contention of the parties derives from the language used. Where intent is to be determined, as here, by disputed evidence or inferences outside the written words of the instrument a question of fact is presented (*Mallad Const. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285; see, also, *Piedmont Hotel Co. v Nettleton Co.*, 263 NY 25). Finally, defendants allege that plaintiff breached the contract by failing to make payments in conformity with its terms and is, therefore, not entitled to specific performance. This, too, presents a factual issue. The judgment should be reversed, and the matter remitted for trial.